## PIERCE *v.* UNION PAC. RY. Co.

*(Circuit Court, S. D. Iowa, W. D.   October 6, 1891.)*

**DISCOVERY IN ACTION AT LAW—REMOVED CAUSE—STATE AND FEDERAL PRACTICE.**
  Upon removal of an action at law from an Iowa to a United States court, defendant cannot be compelled to file answers to interrogatories attached to the petition, as allowed under the Iowa statute, since Rev. St. U. S. § 861, provides that the mode of proof in such actions shall, except under certain circumstances, be by oral testimony and examination of witnesses in open court. *Ex parte Fisk,* 113 U. S. 713, 5 Sup. Ct. Rep. 724, followed.

At Law.

Action to recover damages for wrongful death. On motion for an order requiring an answer to be filed to written interrogatories attached to petition.

*Charles A. Clark,* for plaintiff.

*Wright & Baldwin,* for defendant.

Before SHIRAS and WOOLSON, JJ.

SHIRAS, J. This action, being at law, to recover damages caused by the death of Ralph H. Pierce, was brought originally in the district court of Pottawattamie county, Iowa, and was thence removed into this court by the defendant corporation. To the petition as filed in the state court there were attached certain interrogatories, to be answered on behalf of the defendant by the proper officers of the company, the answer to which could, under the provisions of the state statute, have been read in evidence upon the trial of the case, had such trial taken place in the state court.

The plaintiff now moves this court for an order directing the time within which such interrogatories shall be answered, and thus the question is presented, whether, in the federal court, the plaintiff is, of right, entitled to insist upon answers being filed to the interrogatories attached to the petition, in order that the same may be read in evidence upon the

trial of the cause. , It seems to us that the ruling of the supreme court
in *Ex parte Fisk*, 113 U. S. 713, 5 Sup. Ct. Rep. 724, is decisive of the
motion now presented. The facts in that proceeding, briefly stated,
were as follows: Francis B. Fogg brought suit in the supreme court of
the state of New York against C. B. Fisk, to recover damages at law,
and, in the progress of the cause, obtained an order that the defendant,
Fisk, be examined, and his deposition be taken, as a party before trial,
according to the provisions of the New York Code of Civil Procedure.
In obedience to this order, Fisk appeared before the court, and his ex-
amination had been partly completed, when the cause was removed into
the circuit court of the United States, and thereupon in that court a further
order was obtained, requiring Fisk to appear, according to the provisions
of the state statute, in order that his examination should be completed.
The defendant appeared before the court in pursuance of the order, but
declined to answer the questions propounded to him, on the ground that
the court had no jurisdiction to require him to answer the questions in
the manner required by the state statute, and thereupon he was ad-
judged to be in contempt, and was committed to the custody of the mar-
shals. To secure relief from this imprisonment he sued out a writ of
*habeas corpus* from the supreme court of the United States, it being held
by that court that the order of commitment made by the circuit court
was void, because that court—to-wit, the circuit court of the United
States—did not have the power to make the order requiring Fisk to sub-
mit to the preliminary examination provided by the state Code of Pro-
cedure. This conclusion was mainly based upon the provisions of sec-
tion 861 of the Revised Statutes, which enacts that "the mode of proof
in the trial of actions at common law shall be by oral testimony and ex-
amination of witnesses in open court, except as hereinafter provided."
The supreme court held, in substance, that, as congress had, in enacting
this section, legislated upon the matter of the mode of proof in law ac-
tions, it must be held that thereby congress intended to establish or pre-
scribe the system to govern the practice in this respect in the courts of
the United States, and that this action on part of congress precluded
having recourse to any system or mode of proof established by state
laws. It was further held that the mode of procuring testimony pro-
vided for in the state statute was not the equivalent of his oral examina-
tion and testimony, as required by the act of congress. In effect, there-
fore, this case decides that in trials at common law in the courts of the
United States the mode by which the testimony of witnesses can be ob-
tained is by an oral examination of such witnesses in open court at the
time of, and as part of, the actual trial of the cause, unless a given wit-
ness comes within some one or more of the exceptions named in the
other sections of the statute. Under the rule given us, then, by the su-
preme court, we are not justified in granting an order for the procure-
ment of the testimony of a witness by any mode other than his produc-
tion in open court, unless it is shown that he comes within some of the
exceptions provided for in the statutes of the United States,—as, for in-
stance, that the witness lives at a distance greater than 100 miles from

the place of trial, or that he is ancient or infirm, or is about to leave the United States, or to enter upon a sea voyage. In the present cause it is not shown that the party or parties who may be called upon to answer the interrogatories attached to the petition come within any of the exceptions named, and therefore the court is without authority to order the procurement of the desired testimony in any other mode than by the production of the witness in open court, as required by section 861 of the Revised Statutes. *The motion made must therefore be refused, and it is so ordered.

WOOLSON, J. I concur in the foregoing opinion and result reached therein.