[No. 1650. Decided April 20, 1895.]

WILLIAM H. LE MAY *et al.*, *Respondents*, v. SUTCLIFFE BAXTER *et al.*, *Appellants.*

DISCOVERY — FILING OF INTERROGATORIES — REVIEW ON APPEAL — EFFECT OF PARTIAL APPEAL.

While a technical bill of discovery is not proper under the civil procedure of this state, yet the defendant may, under Code Proc., § 1660 *et seq.*, in an action instituted for legal and equitable relief, be compelled to make a discovery of facts.

Where an appeal has been taken from a portion only of a judgment, the appellant cannot challenge the sufficiency of the complaint.

*Appeal from Superior Court, King County.*

*Metcalfe & Jurey* and *Strudwick & Peters*, for appellants.

*J. T. Ronald* and *S. H. Piles*, for respondents.

The opinion of the court was delivered by

ANDERS, J.— On July 14, 1893, the plaintiffs, respondents here, recovered a judgment in the superior court of King county against Sutcliffe Baxter and John Goodfellow, partners doing business under the firm name and style of S. Baxter & Co., for the sum of $7,746.06, which judgment was neither appealed from nor paid in whole or in part. A writ of execution was issued and return made thereon that the sheriff was unable to discover any property of said firm, or of the individual members thereof, subject to execution. Thereafter these judgment creditors instituted this action on the aforesaid judgment against the said judgment defendants and their respective wives, for the purpose of obtaining a judgment and decree, that the debt evidenced by said judgment was not only the

joint debt of said firm, but the several debt of the individual. members thereof, and also the community debt of each of them and their respective wives; and to discover certain assets and property mentioned, but not specifically described in the complaint for want of sufficient knowledge, and alleged to be held, owned or controlled by said firm, or by the individual members thereof, or by the communities consisting of said individuals and their wives, but not subject to execution; and to subject the same, when discovered, to the lien of their judgment.

Separate demurrers were interposed to the complaint by defendants, on the grounds (1) that there is a defect of parties defendant; and (2) that the complaint does not state facts sufficient to constitute a cause of action. These demurrers were overruled, and exception taken, but neither of the defendants filed an answer.

At the time of filing the complaint the plaintiffs, pursuant to § 1661 of the Code of Procedure, filed interrogatories in the cause to be answered on oath by the respective parties. These interrogatories were not answered within the time required, or at all, whereupon the court entered judgment in favor of plaintiffs, as prayed for, and ordered the defendants, and each of them, to appear before the court at a time specified, and then and there answer concerning their property, interests, rights and effects, and make a full, true and complete disclosure thereof. "From so much of said judgment as requires the defendants to appear and answer the interrogatories of the plaintiffs and to disclose their assets to plaintiffs," the defendants appeal to this court.

It is claimed by the defendants that the court erred in overruling their demurrers. The first ground of

demurrer, that there is a defect of parties defendant, is not urged in this court, and will not, therefore, be considered; and the objection that there is a misjoinder of parties was not made in the court below, and was therefore waived. But appellants insist that the complaint states no cause of action because (1) no community interest exists between the individual members of a co-partnership and their respective wives; and (2) because the court had no jurisdiction to entertain a bill of discovery.

The learned counsel for the defendants, in the argument in their brief, say that "the office and nature of bills of discovery, properly so-called, is to ascertain facts through interrogatories, when an action at law is pending, and it becomes necessary for one or the other party in order to establish such facts so as to maintain his legal rights. No decree adjudicating the rights of either party was made;" and we believe that their view of the nature and office of such a bill is correct. We also agree with them in the assertion that bills of discovery, in aid of legal actions, are practically obsolete in this country, for the reason that judicial procedure is so regulated by statute that there is no longer any necessity for filing a separate bill to obtain a discovery of facts or documents material to the support or defense of an action at law.

Our statute (Code Proc., §§ 1660 et seq.), provides for the discovery of facts by the plaintiff in an action by means of interrogatories addressed to the defendant; and hence, it is argued that that method of obtaining a discovery is exclusive and no other can be recognized or employed. While we concede that a technical bill of discovery, as defined by appellants' counsel, would not be proper under our procedure, it does not follow that defendants may not, by means of the pleadings

be compelled to make a discovery of facts in an action brought for proper relief. Indeed, that they may be compelled to do so, is maintained by high authority. Mr. Pomeroy, after having stated, in effect, that statutes like ours have superseded and practically put an end to the suit for a discovery as a branch of the auxiliary jurisdiction of equity, uses this language:

"This abridgment of the technical 'discovery,' it should be carefully remembered,.does not extend to the discovery or compelling defendants to make admissions or disclosures by means of the pleadings, in suits brought for relief." 1 Pomeroy, Eq. Jur. (2d ed.) § 193.

This action is for legal and equitable relief, and also for a discovery, and hence the above cited authority would seem to be in point. The complaint in this case is not, therefore, a bill of discovery.

And, besides, the plaintiffs fully complied with the statute when they filed the interrogatories which the defendants failed to answer, and which they now say they ought not to be compelled to answer, because the complaint is bad. If they had appealed from the whole judgment there would be force in the contention that the complaint is insufficient, but having appealed only from the order which the court made at the time of the rendering of judgment, but which it might have made and enforced at any previous stage of the proceedings, they are not now in a position to challenge the sufficiency of the complaint. To concede that the judgment, or even a portion thereof, is valid, and, at the same time, insist that the complaint on which it is founded is insufficient, is to assume inconsistent positions.

There can be no question on this appeal but that the plaintiffs were entitled to all the relief granted ex-

cept the order for a disclosure of defendants' assets, and we would not, therefore, be disposed to reverse the judgment, even if we were convinced that the complaint is obnoxious to the objection urged against it.

But defendants insist that if this complaint is not a bill of discovery, but is in the nature of a creditor's bill, then the method of procedure pointed out in the statutes (Laws 1893, p. 435), concerning proceedings supplemental to execution should have been followed. As to this contention, it may be said that this order is substantially the same order that would be made if an affidavit were filed in accordance with the act above mentioned; and, as we have hereinbefore said, it is an order which the court had a right to make in this action, and there was, therefore, no necessity for filing an affidavit after judgment in order to authorize the court to make it. Whether any further proceedings may or may not be necessary on the part of the plaintiffs, we are not now called upon to determine.

The judgment is affirmed.

HOYT, C. J., and SCOTT and DUNBAR, JJ., concur.

GORDON, J., dissents.