## SMITH et al. v. NORTHERN PAC. RY. CO.

(Circuit Court, D. Washington, N. D. August 31, 1901.)

WITNESSES—DEPOSITIONS—EXAMINATION OF ADVERSE PARTY—STATE STATUTE.
Under the act of March 9, 1892 (2 Supp. Rev. St. U. S. p. 4), providing that, in addition to the mode of taking the depositions of witnesses in causes pending in the courts of the United States, depositions or testimony may be taken in the mode prescribed by the laws of the state in which the courts are held, interrogatories propounded, as provided by 2 Ballinger's Ann. Codes & St. §§ 6008–6010, by the plaintiff, to be answered by the defendant, in an action at law in the circuit court of the United States, district of Washington, are proper, and should not be stricken from the files.

Action at Law. Heard on motion to strike from the files interrogatories propounded by the plaintiff, to be answered by the defendant, or its officers or employés having knowledge of the facts. Motion denied.

Brady & Gay, for plaintiffs.
James F. McElroy, for defendant.

HANFORD, District Judge. It is provided in the Code of this state that:

"A party to an action or proceeding may be examined as a witness, at the instance of the adverse party, or of one of several adverse parties, and for that purpose may be compelled in the same manner and subject to the same rules of examination as any other witness to testify at the trial, or he may be examined on a commission.

"Instead of the examination being had at the trial as provided by the last section, the plaintiff, at the time of filing his complaint or afterwards, and the defendant, at the time of filing his answer or afterwards, may file in the clerk's office interrogatories for the discovery of facts and documents material to the support or defense of the action, to be answered on oath by the adverse party.

"* * * A private corporation may be interrogated in the same manner as individuals and it shall not be excused for a failure to answer any proper interrogatory unless it shall show that no one in its employ or connected with, or interested in it, can give the desired answers or information." 2 Ballinger's Ann. Codes & St. §§ 6008–6010.

In a number of instances parties have heretofore attempted to proceed under this statute by filing interrogatories in actions at law pending in this court, and it has been the practice of the court to refuse to compel parties to answer, and, upon motion, to strike the interrogatories from the files; the rulings of the court in such cases having been made in deference to the decisions of the supreme court of the United States in the cases of Ex parte Fisk, 113 U. S. 713, 5 Sup. Ct. 724, 28 L. Ed. 1117, and Railroad Co. v. Botsford, 141 U. S. 250, 11 Sup. Ct. 1000, 35 L. Ed. 734. On the argument of this motion, the question has been raised for the first time in this court whether the more recent decision of the supreme court and changes in the law do not require a change of practice. The case of Railroad

Co. v. Botsford has not been expressly overruled, but the principles of that decision have been departed from by the supreme court in its decision in the case of Railroad Co. v. Stetson, 177 U. S. 172–177, 20 Sup. Ct. 617, 44 L. Ed. 721, in which it was decided that a circuit court of the United States, in the state where such practice is authorized by statute, may properly require a plaintiff in a civil action to recover damages for a personal injury to submit to a physical examination by surgeons for the ascertainment of facts provable upon the trial. In the opinion of the court by Mr. Justice Peckham, that case was distinguished from Railroad Co. v. Botsford by the fact that in one case the examination was authorized by statute, and in the other case there was no statute. The ground upon which the cases were distinguished is not an important consideration in the determination of this motion, as the right, which the plaintiff claims is founded upon the statute above quoted and the last decision of the supreme court referred to, does, in my opinion, go a long way towards supporting the claim, because, in principle, there is no difference between an examination by requiring a party to answer interrogatories upon oath as a means of ascertaining the truth, and a physical examination of a person for the discovery of evidence. In Ex parte Fisk it was considered that, as congress had prescribed the mode of procedure in the taking of proof in common-law actions in federal courts, a party could not be subjected to examination pursuant to a state law, because the statutes of the United States exclude such practice. Since that decision was rendered, however, congress has adopted the practice of the state courts as to the mode of taking depositions and testimony by the act of March 9, 1892 (2 Supp. Rev. St. U. S. p. 4), which reads as follows:

"That in addition to the mode of taking the depositions of witnesses in causes pending at law or equity in the district and circuit courts of the United States, it shall be lawful to take the depositions or testimony in the mode prescribed by the laws of the state in which the courts are held."

The circuit court of appeals for the First circuit has held that this statute was intended to simplify the practice of taking depositions in the instances authorized by the federal laws, and that it does not authorize the taking of depositions in instances not previously authorized by the federal statutes, and that it does not confer additional rights to obtain proof by interrogatories to be answered by the adverse party in actions at law. Register Co. v. Leland, 37 C. C. A. 372, 94 Fed. 502. With all due deference to that learned court, the construction thus given to the statute is in my opinion unwarranted, for two reasons, viz.: First, it interpolates and reads into the statute words of limitation which congress did not see fit to put into it; and, second, it fails to give effect to all the words which the act contains, because, if only depositions may be taken in the mode prescribed by the laws of the state, then the words "or testimony" are meaningless and superfluous, whereas the rules for the interpretation of statutes require the court to give effect to every word of a statute, if it is possible to do so consistently with the manifest intent of the legislature. I concur with Judge Lacombe in his opinion in the case of International Tooth-Crown Co. v. Hanks' Dental Ass'n

(C. C.) 101 Fed. 306, in which he construed the act of March 9, 1892, as providing additional modes of taking testimony, so as to enable the federal courts to avail of all modes prescribed by the laws of the different states, and adapted to the several communities where the courts sit; and I especially concur in his statement that "the practice of examination before trial * * * is a most wholesome one; it tends to simplification of the trial, and frequently leads to settlement out of court."

In this case some of the interrogatories propounded are proper, and should be answered; others are in my judgment unnecessary and improper, and, upon application of the defendant, the court will relieve it from the burden of supplying information from sources to which the plaintiffs, as well as the defendant, can go; but the motion which has been made to strike the interrogatories entirely from the files must be denied.