WINDOW GLASS MACH. CO. et al. v. BROOKVILLE GLASS & TILE CO.

(District Court, W. D. Pennsylvania. February 9, 1916.)

No. 63.

1. DISCOVERY ☞69—OBJECTIONS TO INTERROGATORIES—WAIVER.

A party which, without any order of court requiring it to do so, answered improper interrogatories propounded by the opposite party, could not afterwards be heard to say that they ought not to have been propounded.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 83; Dec. Dig. ☞69.]

2. PATENTS ☞292—INFRINGEMENT SUITS—DISCOVERY.

Equity rule 58 (198 Fed. xxxiv, 115 C. C. A. xxxiv) authorizes either party to file interrogatories for the discovery of material facts and documents. In a patent infringement suit, plaintiffs filed interrogatories concerning defendant's patents and variations therefrom, and defendant voluntarily answered, giving all the information it believed to be called for, and producing drawings showing the apparatus employed by it. Plaintiffs filed additional interrogatories or objections concerning certain points not made clear by the drawings and descriptions furnished. *Held* that, as defendant had apparently fully intended to disclose the apparatus and methods used by it, and as plaintiffs had made no attempt to procure an inspection of the apparatus and its use, defendant would not be required to answer further interrogatories.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 446; Dec. Dig. ☞292.]

3. PATENTS ☞312—INFRINGEMENT SUITS—EVIDENCE.

In a patent infringement suit, the best evidence on the question of infringement is a comparison of the patented devices.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 544–549; Dec. Dig. ☞312.]

4. DISCOVERY ☞36—RIGHT TO DISCOVERY—FISHING EXPEDITION.

A party will not be required to answer interrogatories propounded under equity rule 58, where they suggest a "fishing expedition," or at least an attempt to pry into the adversary's case.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 49; Dec. Dig. ☞36.]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

5. PATENTS ⬦⟶292—INFRINGEMENT SUITS—DISCOVERY.

Supplementary equity rule 7, § 2, of the District Court for the Western District of Pennsylvania (228 Fed. viii), provides that, as soon as a cause is at issue, either party may apply to the court, on notice, for directions concerning further procedure; that on such application the court shall ascertain the real points of controversy, to avoid the taking of evidence as to issues not insisted upon, and may make orders concerning further procedure. In a suit for the infringement of 16 patents, in which there were 156 claims, defendant filed interrogatories under equity rule 58, one of which asked which of such claims would be relied upon at the trial. *Held* that, while defendant was entitled to this information, it should be procured by motion and rule on the plaintiffs, and not by an interrogatory, especially as it was probable that plaintiffs' attorneys were the only persons who knew upon what claims plaintiffs intended to rely, and there is no provision in rule 58 for requiring discovery by an attorney.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 446; Dec. Dig. ⬦⟶292.]

In Equity. Suit by the Window Glass Machine Company and another against the Brookville Glass & Tile Company. On application to require answers to interrogatories. Objections to interrogatories sustained, and neither party required to answer.

Bakewell & Byrnes, of Pittsburgh, Pa., for complainants.

W. G. Doolittle and Kay, Totten & Powell, all of Pittsburgh, Pa., for respondent.

ORR, District Judge: This matter involves questions arising under equity rule 58 (198 Fed. xxxiv, 115 C. C. A. xxxiv) relating to discovery. Both the plaintiffs and the defendant have filed interrogatories, to be answered by opposite parties, respectively. The interrogatories propounded by the plaintiffs to the defendant were answered by the defendant before the matter was brought to the attention of the court. The plaintiffs have filed what they term are objections to the answers of the defendant. The plaintiffs have not answered the defendant's interrogatories, and have filed objections thereto. No order of court has yet been made upon either party with respect to requiring answers to the interrogatories of the opposite party, or with respect to any of the objections filed by either.

[1] We take up first the answers of the defendant to the plaintiffs' interrogatories and the objections thereto. Inasmuch as the defendant has undertaken to answer the plaintiffs' interrogatories, it is not necessary for the court to determine whether the plaintiffs' interrogatories are in proper form, for the reason that, if the defendant is satisfied to answer the interrogatories which may be improper, he cannot afterwards be heard to say that such interrogatories ought not to have been propounded.

[2] Plaintiffs' bill charges the defendant with an infringement of 16 patents, in which there are 156 claims. The patents all relate to apparatus and methods for the manufacturing of glass articles. The defendant denies the validity of plaintiffs' patents in view of prior disclosures, and denies infringement of plaintiffs' patents, and avers that it is operating under 6 patents granted to Robert L. Frink, and

gives the numbers of such patents. The interrogatories filed by the plaintiffs are directed to the apparatus and methods used by the defendant, at the time of and prior to the filing of the bill. It is unnecessary to set them forth at length, because they are 25 in number and they all direct the attention of the defendant to the Frink patents, and to whether there have been variations therefrom, and conclude with the twenty-fifth interrogatory, as follows:

"Is it not a fact that all the Frink patents referred to in the answer show the entire apparatus used by the defendant in drawing cylinders, lowering them on the horses, and cracking them off? If not, please furnish assembly drawings showing the entire apparatus and the relation of the different portions thereof, including the blower's station or pulpit, the take-down device and the horses, and the relation of the said blower's station to the drawing machines."

The defendant, by answers filed, as we have stated, without an order requiring answers, produced "assembled and detailed drawings showing apparatus employed by it, at the time of and prior to the filing of the bill." It goes further to give "all the information it is believed is called for by said interrogatories." It does not answer each of the interrogatories filed by the plaintiffs separately, as it should have done in the case of proper interrogatories properly approved by the court before answers filed. The plaintiffs have raised no question about the improper way in which the defendant has answered, except that they are incomplete and unresponsive in the following particulars:

"All plaintiffs' interrogatories were stated to relate to the apparatus and method used at the time prior to, and at the time of filing the bill of complaint herein. Defendant's answers do not state whether the apparatus shown and described in its answers are the apparatus then used. It is therefore requested that the defendant be required to state whether or not its drawings and statements correctly apply to the machine and method used at that time."

It will be observed that the foregoing objection was unwittingly filed, because it appears the answers of the defendant expressly refer to the time at and prior to the filing of the bill. There follow 15 other specifications of objection, which are all interrogatories. That they are interrogatories, and not objections, may appear from the notice attached thereto, and which was served upon defendant's counsel, which is a notice that the plaintiff "shall present additional interrogatories as per copy attached hereto, the purpose of these being to make clear certain points which are not made clear by the drawings and descriptions furnished." These additional interrogatories relate generally to specific parts of the apparatus or specific steps in the method. One, for instance, the second, contains the statement:

"The drawings supplied by defendant apparently show that there was a cross-head centrally pivoted, etc.  *  *  *  Is this correct?"

The court is of the opinion that the objections to the defendant's answers are not well taken, and should be overruled in so far as they are objections, and in so far as they are further interrogatories to be answered by the defendant·this court is of the opinion that an answer should not be required thereto. We have arrived at this conclusion because it appears that the defendant has fully intended to dis-

close the apparatus and methods used by it at and prior to the time of the filing of the bill, at its plant for the manufacture of window glass at Brookville, in this district. It does not appear that the plaintiffs have made a request, or that hindrances were thrown in their way, or concealment by the defendant, or deception anticipated.

Rule 58 was not intended to be used to impose unreasonable burdens upon parties, or to require of parties opinions either as to the reading of drawings or as to the functions of particular parts of the machinery. It provides "for the discovery, by the opposite party or parties, of facts and documents material to the support or defense of the cause." Plainly it is intended to aid a party in making out his case, where the ascertainment of facts in support or defense of the cause is *difficult*. We have used the word "difficult," because we have recognized that there is a line of cases holding to the doctrine that discovery will not be permitted if the facts can be otherwise procured. We do not believe that that is a correct expression of the law, because a party should not be put to unnecessary labor or difficulty in making out his case. Yet he should not impose a burden upon the opposite party in requiring the latter to make discovery, if the knowledge of the facts can be procured otherwise with ease. Knowledge of the apparatus and method of the opposite party can be procured with ease by inspection. If there be identity of the plaintiffs' and defendant's apparatus and methods, such identity can be easily ascertained, and be the subject of parol testimony by those who have made such inspection.

[3] The best evidence on the question of infringement is the comparison of the devices of the patents. See 3 Robinson on Patents, § 1041. In Colgate v. Compagnie Française du Télégraphe de Paris à N. Y. (C. C.) 23 Fed. 82, is a well-considered opinion by Judge Wallace upon the subject of discovery. It is unnecessary to state the nature of the case in detail, but this quotation is helpful:

"A consideration peculiar to a bill of discovery like the present, in which the complainant seeks a discovery concerning the infringement of a patent, should be adverted to. Courts of equity in patent causes sometimes exercise the power of granting to a complainant an inspection of alleged infringing devices as incidental to ordinary discovery. Vidi v. Smith, 3 El. & Bl. 969; Morgan v. Seward, 1 Webst. Pat. Cas. 169; Russel v. Cowley, Id. 468; Shaw v. Bank of England, 22 Law J. Exch. 26."          。

The case has been cited with approval, though not with respect to the particular quotation we have made, by the Supreme Court in Carpenter v. Winn, 221 U. S. 533–539, 31 Sup. Ct. 683, 55 L. Ed. 842.

While the case last cited had under consideration the question whether section 724 of the Revised Statutes (Comp. St. 1913, § 1469), relating to the production of books and writings in the trial of actions at law, and held that the purpose of the section was to provide a substitute for a bill of discovery, in aid of a legal action, yet the opinion contains observations upon the nature generally of a bill of discovery. On page 540 of 221 U. S., on page 685 of 31 Sup. Ct. (55 L. Ed. 842), appears the following language:

"A bill of discovery cannot be used merely for the purpose of enabling the plaintiff in such a bill to pry into the case of his adversary to learn its strength or weakness. A discovery sought upon suspicion, surmise, or vague guesses is called a 'fishing bill,' and will be dismissed. Story, Eq. Pl. §§ 320 to 325. Such a bill must seek only evidence which is material to the support of the complainant's own case, and prying into the nature of his adversary's case will not be tolerated. The principle is stated by a great authority upon equity thus: 'Nor has a party a right to any discovery except of fact and deeds and writings necessary to his own title under which he claims; for he is not at liberty to pry into the title of the adverse party.' Story, Eq. Juris. § 1490; Kettlewell v. Barstow, 7 Ch. App. Cas. 686, 694."

While the language used was evidently intended to relate solely to bills of discovery in aid of actions of law, yet we see no reason why it should not be equally applicable to bills for relief and discovery, where discovery is merely incidental to the relief sought. A number of the interrogatories propounded in this case, by both plaintiffs and defendant, very fairly, if not fully, disclose an attempt to pry into the nature of the case of the opposite party or parties as the case may be. Many of them appear to come close to the line. However, none of the plaintiffs' further interrogatories should be answered, for the reason that no attempt has been made by the parties to procure an inspection of the apparatus and its use.

[4] The defendant's interrogatories, 51 in number, are in the main subject to the same criticisms hereinbefore expressed with respect to the interrogatories by the plaintiffs. Many of them are questions as to when or where was a particular part of plaintiffs' apparatus first used by the plaintiffs, or either of them. Some of them inquire of the plaintiffs whether they now commercially employ a particular part of the apparatus shown in that particular patent or another particular patent, as the case may be. Question 2 may be quoted as being illustrative of the great majority of the questions.

(2) "Which of the several methods or mechanisms illustrated and described in the 16 patents sued upon were ever used by plaintiffs other than experimentally?"

Indeed, all of the questions, except the first, suggest a "fishing expedition," or at least an attempt to pry into the case of the adversary.

[5] The first interrogatory of the defendant is as follows:

"Which of the 156 claims of the 16 patents sued upon will be relied upon at the trial as infringed?"

It is proper, of course, that the defendant have information with respect to the claims upon which plaintiffs rely; but it does not appear that such information is to be procured under the discovery rule. The interrogatories are intended to be answered by the "plaintiffs by their officers, and especially M. K. McMullen, president of the American Window Glass Company, William L. Monroe, general manager of the American Window Glass Company, and its attorneys, Messrs. Bakewell and Byrnes, who presented the application for patents in suit on behalf of plaintiffs." It is probable that the attorneys are the only ones who know upon what claims the plaintiffs intend to rely, but there is no provision in the discovery rule for requiring an attorney

to make the discovery. This court adopted supplementary rules of practice in equity, and among them rule 7, section 2 (228 Fed. viii), which provides:

"As soon as the cause is at issue either party may from time to time apply to the court on notice to the opposing party for directions concerning further procedure. On the hearing of such application the court shall as far as possible ascertain from counsel the real points of controversy in order to avoid the taking of evidence as to issues not insisted upon by the parties, and may make orders concerning further procedure, including times, places and method of taking testimony, not inconsistent with the equity rules adopted by the Supreme Court of the United States or with statute."

The information required by the first interrogatory propounded by the defendant can be secured under the rule of this court. Again, it has always been the practice to secure such information in pursuance of a motion and rule upon the plaintiff. There is nothing in the equity rules at present in force which has interfered with such a proper practice. We understand that plaintiffs' counsel has agreed to furnish the information asked for in the first interrogatory; but, if not, the information desired can be procured in the way hereinbefore indicated.

Equity rule 58 has been the subject of consideration in a number of adjudicated cases, as, for example, P. M. Co. v. Ajax Rail Anchor Co. (D. C.) 216 Fed. 634; Luten v. Camp (D. C.) 221 Fed. 424; Blast Furnace Appliances Co. v. Worth Bros. Co. (D. C.) 221 Fed. 430; J. H. Day Co. v. Mountain City Hill Co. et al. (D. C.) 225 Fed. 622. It is unnecessary to extend this opinion by pointing out a lack of strict harmony between them or to emphasize the points upon which some of them agree.

Neither of the parties are required to answer any of the interrogatories filed. The objections filed by the defendant to plaintiffs' further interrogatories are sustained, and the objections by the plaintiffs to defendant's interrogatories are also sustained.