## MILLER & PARDEE, Inc., v. LAWRENCE A. SWEET MFG. CO. et al.

(District Court, S. D. California, S. D. January 6, 1925.)

1. Courts ⬅️351—Interrogatories should be of character that answer will state or illustrate material fact.

Interrogatories under equity rule 58 should be of such character as that, by examining the issues proposed or made up, it can be seen that answers required will reasonably state or illustrate a material fact, and should not go to the length of examination and cross-examination on evidentiary matter, nor yet be a mere general investigation, to ascertain if party interrogated knows something that will aid cause or defense.

2. Patents ⬅️292—Defendants' denial of assignment to plaintiff held not to authorize interrogation of plaintiff as to other assignments.

An allegation of assignment of patent to plaintiff in infringement suit does not authorize defendants, under a mere denial of that assignment, to interrogate plaintiff as to whether at any other time he has made any other assignment.

3. Discovery ⬅️9—Interrogatories narrowly limited, where issues not clearly stated in pleadings.

Where issues are not clearly and sufficiently stated in pleadings, interrogatories should be scrutinized and narrowly limited to things that court is able to see will constitute material matter.

4. Patents ⬅️292—Answers not sealed and deposited with court, unless by consent of parties.

Order in infringement suit, requiring answers to interrogatories to be sealed and deposited with clerk until both parties have committed themselves as to facts, should be made only on consent of parties.

In Equity. Suit for patent infringement by Miller & Pardee, Inc., against Lawrence A. Sweet Manufacturing Company and others. On plaintiff's objections to interroga-

tories. Objections sustained in part, and in part overruled.

Blakeslee & Brown, of Los Angeles, Cal., for plaintiff.

William L. Connor, of Los Angeles, Cal., for defendants.

JAMES, District Judge. This is a suit in equity in which infringement of letters patent No. 60,878 is claimed against the defendants. Plaintiff alleged in the bill of complaint that the patentees were Pardee, Dewire, and Suporter, who were original and joint inventors, and who thereafter assigned their patent right to the plaintiff. The defendants answered; the answer in effect being a general denial of all of the allegations of the bill of complaint, except that it is particularly pleaded that, in view of the state of the prior art, patented and unpatented, there is no novelty in the invention described in plaintiff's patent. Defendants prepared a set of interrogatories which they have propounded to the plaintiff, and the plaintiff has objected to these interrogatories on the several grounds stated in written objections, which were filed and afterwards presented in open court.

There are constantly being presented, under objections urged by opposite parties, questions as to the extent the plaintiff, on the one side, can go in eliciting facts by interrogatories of his opponent, and vice versa. It has been insisted, and by several of the federal courts held, that under equity rule 58 a plaintiff can interrogate only as to matters of fact within the knowledge of the defendant which will support the issue tendered by the bill of complaint, and that a defendant can interrogate only as to facts material in support of his defense. It is plainly to be observed that the rule does not in terms or necessary effect so limit the parties. It provides that plaintiff and defendant may file interrogatories "for the discovery by the opposite party * * * of facts and documents material to the support or defense of the cause." Careful consideration was given to the language of this rule and its practical meaning in Perkins Oil Well Cementing Co. v. Owen (D. C.) 293 F. 759, and the conclusion was there reached that a defendant might interrogate as to the facts supporting the plaintiff's cause of action, and that the plaintiff could likewise inquire into the facts upon which the defense as made by the answer was founded.

This conclusion is one that answers the test that justice shall be attained as speedily as possible, and that issues which are only apparent on the face of the pleadings shall not be permitted to engross the time of the courts. The day is no longer here when the courtroom will furnish the arena for an exhibition of purely strategic moves on the legal chessboard. When a case reaches the stage for trial, the parties must be prepared to disclose the true state of the real issues as to which there will be a conflict of evidence. The whole effort of the court, with the assistance of counsel and witnesses, must be to ascertain the truth as to such issues alone. A position of counsel or a party, who may know that he cannot dispute a fact alleged, that he will require his opponent to take the time to establish before the court such fact, is entitled to no sort of approval. If such a practice is tolerated, in view of the congested condition of the calendars of the court, a necessary result will be that references to masters must be more largely resorted to, a practice not to be desired, and one which the Supreme Court Rules declare should be the exception. The condition of the court's business in this district is now such as makes this observation particularly pertinent, and it is especially applicable to patent litigation, which, notwithstanding the best efforts of counsel, is in the trial thereof much protracted.

[1] But there should be quite clear limits put to the scope of interrogatories which a party may propound to his opponent, admitting the allowance of the liberal rule stated. The interrogatories should not go to the length of examination and cross-examination on evidentiary matter, nor yet become a mere curious excursion, to find whether the party interrogated may possibly know something which will aid a cause or the defense to it. Interrogatories should be of such a character as that, by examining the issues proposed or made up, it can be seen that the answers required will reasonably state or illustrate a material fact. Interrogatories requiring a plaintiff, for instance, to state whether he knows of any prior use antedating his patent, asked in the hope that the defendant may discover valuable defense matter, belong to this class, and are improper.

If a defendant in his answer to the bill of complaint presents general issues only, and then interrogates as to matters which do not appear to be necessarily connected with his defense, he cannot complain if his interrogatories are disallowed; for the court will indulge in no assumption that there will be other evidence not yet disclosed which will show the pertinency of the desired answers.

Where the state of the art is pleaded against invention in the answer, it has been considered proper for the defendant to declare seasonably before trial what examples of such art he will rely upon.

·[2, 3] The assignment of a patent, alleged in a complaint to have been made to a plaintiff, does not authorize a defendant, under a mere denial of that assignment, to interrogate plaintiff as to whether at any other time he has made any other assignment. It is easy for the parties to present sufficient and clearly stated issues in their pleadings, and, where this is not done, interrogatories should be scrutinized, and narrowly limited to the things that the court is able to see will constitute material matter.

Interrogatories calling for disclosure of the date of conception of the patent idea, or the date of its reduction to practice, may cause this special information of the ground work of a plaintiff's case to be exhibited to a defendant before the defendant has indicated what his defense field of prior invention, use, or particular anticipatory devices will be.

[4] Likewise as to plaintiff's interrogatories covering defense matter. It has been stated at different arguments on objections to interrogatories that answers made to such questions should be sealed and deposited with the clerk until both parties have committed themselves as to those facts; this upon the theory that to do differently is to encourage the production of false evidence. The reason is a good one, if the court is bound to assume, or ought to assume, that a perjured case will be brought in when the opportunity is open. That assumption is not one that has judicial sanction. Such an order was made by me in one case, and I am cited to Hillman Mfg. Co. v. Alvin C. Garside et al. (no written opinion) as a case where the practice was established. I find by examining the files in that suit that the order for sealing the interrogatories was made on the written stipulation of counsel and not of the court's motion. Where that kind of an order is made, I think it should be entered by consent.

Coming, now, to the interrogatories submitted in this case, and applying the general rules which I have outlined, the plaintiff should answer all of the interrogatories from and including No. 1 to and including No. 24; also interrogatories 30, 32, 33, 46, 47, 48, 49, 54, 58, 59, 60, 61, and 62. As to the remaining interrogatories, the objections of the plaintiff are sustained.