## CLAIREMONT STERILIZED EGG CO. v. KASSER EGG PROCESS CO. et al.

(District Court, N. D. California. April 21, 1926.)

No. 1622.

1. Patents ⬅292—Interrogatories calling for evidence as to dates of invention or conception of patents held proper, but answers of both parties to be sealed and deposited with clerk, and seals broken and papers filed on same day.

Interrogatories calling for evidence as to dates of invention or conception of patents and dates of their reduction to practice held proper, as against contention that they would encourage production of false evidence, since they would simplify issues; but answers of both parties as to such matters should be sealed and deposited with clerk, and seals broken and papers filed on same day.

2. Discovery ⬅22½, New, vol. 18A Key–No. Series.

Theoretically court is not bound, in passing on objections to interrogatories, to assume that perjured case will be brought in when opportunity is open.

3. Patents ⬅292.

Interrogatories calling for statement of defendants' acts, complained of as infringements on plaintiff's patents, held proper.

4. Patents ⬅292.

Interrogatory requiring plaintiff to produce copy of instruments through which it derives title to patents held proper.

In Equity. Suit by the Clairemont Sterilized Egg Company against the Kasser Egg Process Company and another. On objections to interrogatories. Objections overruled.

Walter Christie, of San Francisco, Cal., for plaintiff.

William K. White and Charles M. Fryer, both of San Francisco, Cal., for defendants.

KERRIGAN, District Judge. These interrogatories raise questions as to which there has been an apparent diversity of ruling in this court, and the practice with regard to which should be made uniform. The objections to them fall within three groups, which will be considered separately.

[1] Plaintiff objects to interrogatories 1–84, on the ground that they call for evidence as to the dates of invention or conception of its patents, and as to the dates of their reduction to practice. The argument is that to compel disclosure of such matters is to encourage the production of false evidence. In reply it is argued that to require plaintiff to disclose the dates of invention of its patents, not only is in keeping with the ob-

vious spirit and purpose of the new equity rules, but is desirable as tending to expedite the trial at all its stages.

In the Southern district of California defendants' view obtains. Miller & Pardee, Inc., v. Lawrence A. Sweet Manufacturing Co. (D. C.) 3 F.(2d) 198. Likewise in the Southern district of New York, Judges Mayer, Hough, and Learned Hand (all now of the Circuit Court of Appeals of the Second Circuit) and Judge Augustus N. Hand have joined in an opinion that dates of invention and of prior use are the subjects of a bill of particulars (Dick Co. v. Underwood Typewriter Co. [D. C.] 235 F. 300, 305); and there are other authorities to the same effect (Batdorf v. Sattley Coin Handling Machine Co. [D. C.] 238 F. 925, 926; Marquette Manufacturing Co. v. Oglesby Coal Co. [D. C.] 247 F. 351, 353). In this court, four years ago Judge Van Fleet held that interrogatories as to such matters were proper (American Chain Co., Inc., v. Chester N. Weaver Co., Inc., Equity No. 641), and in 1925, while sitting here, Judge Farrington overruled objections to similar interrogatories in two cases (Alliance Securities Co. v. J. A. Mohr & Son, Equity No. 1280; Alliance Securities Co. v. Standard Oil Co., Equity No. 1299), relying, as I am credibly informed, on Judge Van Fleet's decision and on that of Judge James in Miller & Pardee, Inc., v. Lawrence A. Sweet Manufacturing Co., supra.

Judge Van Fleet believed these interrogatories "are well within the requirements of the rule, and call for nothing improper." American Chain Co., Inc., v. Chester N. Weaver Co., Inc., supra. Elsewhere it has been said that the facts sought to be elicited are "material to the defense of the cause, since they tend to better advise defendant as to the case it has to meet at the trial, and since the answers might place defendant in a position to ascertain which, if any, of its alleged defenses are immaterial." Batdorf v. Sattley Coin Handling Machine Co., supra. I think the argument extremely pertinent that, unless these interrogatories are answered, defendants will be compelled, at great expense, to prepare and introduce in evidence the proof of facts which eventually may be found entirely useless to their case. Simplification of the issues, at the earliest possible stage of the litigation, seems to me the cardinal purpose of interrogatories, and it would be inconsistent with that purpose to sustain objections to those now under consideration. Nor does it follow that plaintiff must suffer detriment by answering them.

In Dick Co. v. Underwood Typewriter Co., supra, Judge Mayer said: "It may be observed that there should always be an interchange of dates. * * * If, under such circumstances, one side were called upon to give the date of invention, while the opposing side was not called upon for prior use dates, there might readily be instances in which this information might be misused. It is believed that the system of contemporaneous exchange will work out fairly to both sides of the litigation." In Batdorf v. Sattley Coin Handling Machine Co., supra, an equivalent intimation was made, with the suggestion that "it would seem a proper procedure *- * * to require both the plaintiffs and the defendant to file the answers to such interrogatories in sealed envelopes, * * * the sealed envelopes containing the answers to the interrogatories to be opened by the clerk the day following the date set by the court for the filing thereof." Such, also, was the opinion of Judge Van Fleet in American Chain Co., Inc., v. Chester N. Weaver Co., Inc., supra, where he said that ordinarily reciprocal disclosure would be required.

[2] While theoretically the court is not bound to assume that a perjured case will be brought in when the opportunity is open (Miller & Pardee, Inc., v. Lawrence A. Sweet Manufacturing Co., supra), nevertheless the cases are far too numerous in which such apprehensions have been well founded. In Alliance Securities Co. v. J. A. Mohr & Son, supra, defendants were not ordered to disclose the dates of prior use on which they relied, and plaintiff answered unconditionally. When the case was submitted for decision, plaintiff's counsel argued, with considerable merit, that the entire defense upon this issue had been based on perjured testimony. Where there is such a risk, I see no reason why steps should not be taken to eliminate it.

[3] The second group of interrogatories calls for the statement of what act or acts of defendants are complained of as infringements on plaintiff's patents. It is objected that these are matters within the knowledge of defendants, as to which plaintiff should not be subject to interrogation. Although this may be strictly true, the fact remains that in bringing this suit plaintiff must have had such knowledge, which sooner or later it must disclose in order to prove its case. In overruling similar objections, Judge Bean lately said: "It ought to be the purpose and object in litigation of this kind to simplify the issues as much as possible, so that the

defendant may be advised of just what it is expected to meet, and the court may be informed of the issues it is to try." Detrick v. Hunt, Mirk & Co., D. C. Or., Equity No. 1426. There are rulings to the same effect within this district, and the principle which they support seems unassailable. Batdorf v. Sattley Coin Handling Machine Co., supra; O-So-Ezy Mop Co. v. Channell Chemical Co. (D. C.) 230 F. 469.

[4] The ninetieth interrogatory requires plaintiff to produce a copy of the instruments through which it derives title to its patents. Although there is some authority to the contrary, the unbroken practice of this court has been to sustain such an interrogatory, whenever questioned.

All the objections are overruled, but, for reasons above stated, the order will be that plaintiff's answers to interrogatories 1–84 be sealed and deposited with the clerk, on or before April 30, 1926; that on said date defendants seal and deposit in like manner the dates of conception of all prior inventions on which they rely; and that the seals be broken and the deposited papers filed on May 1, 1926.