**E. H. ROHDE LEATHER CO. v. DUNCAN & SONS, Inc., et al.**

(District Court, W. D. Washington, N. D. October 8, 1926.)

No. 10178.

Monopolies ☞25—Plaintiff, in action at law for damages under Anti-Trust Act, held not entitled to maintain bill of discovery (Sherman Anti-Trust Act, § 7 [Comp. St. § 8829]).

Plaintiff, in a civil action under Sherman Anti-Trust Act, § 7 (Comp. St. § 8829), to recover threefold damages, *held* not to have made sufficient showing of necessity to entitle it to maintain a bill of discovery to require defendants to answer questions which might subject them to criminal prosecution under section 1 (Comp. St. § 8820).

At Law. Action by the E. H. Rohde Leather Company against Duncan & Sons, Inc., and others. On motions to dismiss and demurrers to bill of discovery filed by plaintiff in aid of the action at law, and motions to strike interrogatories. Motions granted.

Baxter, Jones & Hughes, of Seattle, Wash., for plaintiff.

Roberts & Skeel, of Seattle, Wash., for defendant Duncan & Sons, Inc.

Jay C. Allen, of Seattle, Wash., for defendants Northwest Leather Co., Olswang, Arensberg, and Northwest Finders' Credit Bureau.

CUSHMAN, District Judge. This is a suit for threefold damages under the Sherman Act (section 8829, Comp. Stat.; 26 Stat. at Large, 210). The plaintiff has filed a bill of discovery in aid of the action at law. The ground for the discovery is set forth in paragraphs 5 and 6 of the bill, as follows:

(5) "That said bureau, ever since its organization, has held secret meetings at Seattle, Wash., for the purpose of fixing and securing uniform prices for leather, shoe findings, shoe machinery, and shoe store supplies, and for the purpose of eliminating, blacklisting, and boycotting any competitor who sells below the prices fixed by said bureau. That one of the special objects of said bureau is to eliminate, blacklist, and boycott plaintiff as a competitor, because it sells below the prices fixed by said bureau.

"(6) That the actions of said bureau were and are not known by any one except the members thereof, and that plaintiff has no plain, adequate, or complete remedy at law, and has no means of ascertaining the facts concerning the activities of said bureau, except by a bill of discovery."

Defendants move to dismiss the bill and strike the interrogatories, on the ground that the plaintiff has an adequate remedy at law by subpœnaing the officers and agents of defendants as witnesses to testify at the trial.

The defendant Duncan & Sons cites: Rev. Stat. § 862 (Comp. St. § 1470; 3 Fed. Stat. Ann. [2d Ed.] 171); Rev. Stat. § 861 (Comp. St. § 1468); Bradford v. Indiana Harbor Belt Ry. Co. (C. C. A.) 300 F. 78; Wolcott v. National Electric Signaling Co. (D. C.) 235 F. 224–227; Ex parte Fisk, 113 U. S. 713–722, 5 S. Ct. 724, 28 L. Ed. 1117; Union Pac. Ry. Co. v. Botsford, 141 U. S. 250, 11 S. Ct. 1000, 35 L. Ed. 734; Hanks Dental Ass'n v. International Tooth Crown Co., 194 U. S. 303, 24 S. Ct. 700, 48 L. Ed. 989; National Cash Register Co. v. Leland (C. C.) 77 F. 242; National Cash Register Co. v. Leland, 94 F. 502, 37 C. C. A. 372; Pierce v. Union Pac. Ry. Co. (C. C.) 47 F. 709; Salt Lake City v. Smith, 104 F. 457, 43 C. C. A. 637; Rev. Stat. 858; Rev. Stat. § 724 (Comp. St. § 1469); Safford v. Ensign Mfg. Co., 120 F. 480, 56 C. C. A. 630; Preston v. Smith (C. C.) 26 F. 884; Scotten v. Rosenblum (D. C.) 231 F. 357, affirmed in 239 F. 1022, 152 C. C. A. 666; Le May v. Baxter, 11 Wash. 649, 40 P. 122; Wright v. Superior Court, 139 Cal. 469, 73 P. 145; Loose v. Bellows Falls Pulp Plaster Co. (C. C. A.) 266 F. 81; London Guarantee & Accident Co. v. Doyle (C. C.) 130 F. 719; Brown v. McDonald (C. C.) 130 F. 964; Ex parte Boyd, 105 U. S. 647, 26 L. Ed. 1200; Brown v. Swann, 10 Pet. 497, 9 L. Ed. 508; United States v. Bitter Root Co., 200 U. S. 451, 26 S. Ct. 318, 50 L. Ed. 550; Harvey v. Booth Fishery Co. (D. C.) 228 F. 782; Speidel Co. v. Barstow Co. (D. C.) 232 F. 617; Blackmore v. Collins (D. C.) 286 F. 629, affirmed (C. C. A.) 290 F. 204; Taylor v. Ford Motor Co. (D. C.) 2 F.(2d) 473; Wilson v. Union Tool Co. (D. C.) 275 F. 624; Newgold v. Am. Electrical Novelty Mfg. Co. (D. C.) 108 F. 341; United States v. National Lead Co. (C. C.) 75 F. 94; Daisley v. Dun (C. C.) 98 F. 497; Marquette Mfg. Co. v. Oglesby Coal Co. (D. C.) 247 F. 351; 1 Pomeroy, Equity Juris (4th Ed.) §§ 197, 202; Texas Co. v. Gulf Refining Co. (D. C.) 12 F.(2d) 317; Window Glass Co. v. Brookville Co. (D. C.) 229 F. 833; Goodrich Zinc Corp. v. Carlin (D. C.) 4 F.(2d) 568; Miller & Pardee, Inc., v. Lawrence A. Sweet Mfg. Co. (D. C.) 3 F.(2d) 198; Gasoline Products Co. v. American Refining Co. (D. C.) 12 F.(2d) 98; Byron Weston Co. v. Brown Paper Co. (D. C.) 13 F.(2d) 412.

Plaintiff cites: 18 C. J. 1107; Smythe v. Inhabitants of New Providence Tp. (C. C. A.) 263 F. 481; Pressed Steel Car Co. v.

·Union Pac. Ry. Co. (D. C.) 240 F. 135. See also, same (D. C.) 241 F. 964; Quirk v. Quirk (D. C.) 259 F. 597; Cobb Temperature Regulator Co. v. Baird (D. C.) 292 F. 909; Perkins Oil Well Cementing Co. v. Owen (D. C.) 293 F. 759; Wright v. Dodge Bros. (D. C.) 300 F. 455; Smith v. N. P. Ry. Co. (C. C.) 110 F. 341; 32 Stat. 854, 903 (Comp. St. § 8578); Hale v. Henkel, 201 U. S. 43, 26 S. Ct. 370, 50 L. Ed. 652; Atlanta v. Chattanooga Foundry, 127 F. 23, 61 C. C. A. 387, 64 L. R. A. 721, affirmed 203 U. S. 390, 27 S. Ct. 65, 51 L. Ed. 241.

Plaintiff relies upon equity rule 58; defendants upon Rev. Stat. § 861 (Comp. St. § 1468). Counsel have, in their discussion, ·covered a wider range than the court, on account of the conclusion reached by it, finds it necessary to consider. The Sherman Act, as amended, provides:

"Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several states, or with foreign nations, is hereby declared to be illegal. Every person who shall make any such contract or engage in any such combination or conspiracy, shall be deemed guilty of a misdemeanor, and, on conviction thereof, shall be punished by fine not exceeding five thousand dollars, or by imprisonment not exceeding one year, or by both said punishments, in the discretion of the court." Section 8820, Comp. Stat. (26 Stat. at Large, 209).

"Any person who shall be injured in his business or property by any other person or corporation by reason of anything forbidden or declared to be unlawful by this act, may sue therefor in any [circuit court] of the United States in the district in which the defendant resides or is found, without respect to the amount in controversy, and shall recover threefold the damages by him sustained, and the costs of suit, including a reasonable attorney's fee." Section 8829, Comp. Stat. (26 Stat. at Large, 210).

"Any person who shall be injured in his business or property by reason of anything forbidden in the anti-trust laws may sue therefor in any District Court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy, and shall recover threefold the damages by him sustained and the cost of suit, including a reasonable attorney's fee." Section 8835d, Comp. Stat. (38 Stat. at Large, 731).

"For the enforcement of the provisions of the act * * * is hereby appropriated, out of any money in the Treasury not heretofore appropriated, to be expended under the direction of the Attorney General in the employment of special counsel and agents of the Department of Justice to conduct proceedings, suits, and prosecutions under said acts in the courts of the United States: Provided, that no person shall be prosecuted or be subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he may testify or produce evidence, documentary or otherwise, in any proceeding, suit, or prosecution under said acts: Provided further, that no person so testifying shall be exempt from prosecution or punishment for perjury committed in so testifying." Section 8578, Comp. Stat. (32 Stat. at Large, 904).

"Under the immunity provisions in the act, * * * immunity shall extend only to a natural person who, in obedience to a subpœna, gives testimony under oath or produces evidence, documentary or otherwise, under oath." Section 8580, Comp. Stat. (34 Stat. at Large, 798).

One ground of defendants' motions and objections to the interrogatories is that, because of section 8820, and the punishment for which it provides, a court of equity will not compel discovery by defendant in a suit brought under section 8829, supra. Plaintiff, to avoid the rule, relies upon the immunity provision of section 8578, supra. In the present case it is enough to say, so far as the corporate defendants are concerned, that there is no provision for immunity. Section 8580, supra. Other of the moving defendants, however, are natural persons.

Section 8573 provides immunity from prosecution and from any penalty or forfeiture for those giving evidence "in any proceeding, suit or prosecution" under the act. In Hale v. Henkel, 201 U. S. 43, 26 S. Ct. 370, 50 L. Ed. 652, the court held that a witness before a grand jury in a United States court was not excused from answering incriminating questions, because of the fact that this section gave him immunity from prosecution if he answered them. In United States v. Standard Sanitary Mfg. Co. et al. (C. C.) 187 F. 232, it was held that this section was applicable in civil as well as criminal cases, but also held that it did not apply to witnesses called by defendant. In both of the foregoing cases the United States was a party. The United States is not a party to the present suit, yet plaintiff, in support of the bill of discovery, contends for a rule that would bar the United States from prosecuting any of the defendants who answered the interrogatories.

If section 8578 grants immunity to any witness not called by the government, which in 187 F. 232, supra, it was held it did not, it would require a stronger showing of necessity for discovery than does the present bill before the disclosure asked of defendants should be required.

The motions are granted.