## EARP THOMAS FARMOGERM CO. v. STIMUPLANT LABORATORIES, Inc., et al.

### No. 4137.

District Court, E. D. New York.

Feb. 27, 1930.

John R. Lazenby, of New York City, for plaintiff.

Marshall McLean, of New York City, for defendants.

692

GALSTON, District Judge.

The reason for the adoption of Equity Rule 58 (28 USCA § 723) clearly appears in the rule itself. It is stated that interrogatories may be filed "for the discovery by the opposite party or parties of facts and documents material to the support or defense of the cause."

I cannot believe that the defendant Breuchaud, a director of the Stimuplant Laboratories, Inc., need seek discovery from the plaintiff of the processes which are used by the defendants; nor in what respects such processes controvert the agreements in question.

■ Moreover, interrogatory 1, in seeking from the plaintiff a statement of comparison of that sort, in effect solicits an opinion. I do not understand that Equity Rule 58 (28 USCA § 723) is sufficiently comprehensive to entitle the defendant Breuchaud to the opinion of the plaintiff.

■ As to interrogatories 2 and 3, they are objectionable for the reason that the rule permits only such interrogatories to be propounded as call for "discovery." That which is known by the defendants cannot be the subject of discovery by them. A discovery relates to the unknown, not the known. The defendants are presumed to know what their own acts and the acts of their employees are. Therefore, why need they be, and indeed how can they be, the subject of discovery?

The interrogatories propounded strike me as being propounded entirely for the purpose of ascertaining how much the plaintiff knows about the business of the defendants. In other words, it is a fishing excursion, and as such is not countenanced by the rule in question. Window Glass Machine Co. v. Brookville Glass & Tile Co. (D. C.) 229 F. 833.