
Rose *against* Woodruff.

A decree in a cause is never pronounced, unless the cause is regular-
ly set down for hearing in term, except when it is submitted out of
term, by consent of all parties; but the decree may be afterwards
entered in term time, or in vacation, at the Chancellor's discretion.
And where a bill is taken *pro confesso*, the plaintiff cannot, there-
fore, take a decree ; but must set down the cause for hearing in
term, ~~and the Clerk must attend with the record of the bill, to be
read at the hearing;~~ but no notice of the hearing need be given to
the defendant, or affixed up in either of the public offices.

THE BILL, in this cause, was taken *pro confesso*, and *August 12th.*
an order for that purpose was obtained and entered on the
17th of *July* last.

*N. W. Howell*, for the plaintiff, now moved for a decree,
such as the bill entitled him to, without waiting to set down
the cause for hearing at the next term.

THE CHANCELLOR. The course and practice of the Court
is not to pronounce a decree in any case, (except where a
cause had been submitted to the Court, out of term, by
consent of parties,) unless the cause had been regularly set
down for hearing in term. The rule is the same, whether
the decree is to be pronounced upon the bill only, or
upon the bill and answer, or upon the pleadings and proofs.
When the cause has been regularly brought to a hearing,
and time taken to consider, the decree may be entered at
any time thereafter, in term time, or in vacation, in the Chan-
cellor's discretion, whenever he is ready to pronounce it.
In *Johnson* v. *Desmineere*, (1 *Vern.* 223.) it was said,
that the practice, before that time, (1683) was, not to take a

bill *pro confesso*, (though the defendant had appeared, and stood in contempt, and compelled the plaintiff " to go to the end of the line, and run through all the process of the Court against him,") without putting the plaintiff to prove the material allegations in the bill.   But, in that case, it was admitted, that the bill might be taken *pro confesso*, without such proof.   By the rules of this Court, we allow bills to be taken *pro confesso*, without obliging the plaintiff to pursue the defendant on to process of sequestration.   In *Hawkins* v. *Crook*, (2 *P. Wms.* 556.) it is stated, that though the bill need not be proved after the defendant has appeared and stood out, in contempt, to a sequestration; yet that the cause was to be *set down to be heard*, and the record of the bill produced, to the end that the bill might be taken *pro confesso*.   The *English* practice now is, *to set down the cause for hearing*, upon a previous order that the bill be taken *pro confesso*, and that the Clerk in Court attend with the record of the bill at the hearing.   (*Newland's Pr. p.* 29.) Where the bill is thus taken *pro confesso*, and the cause thereupon set down for hearing, the course, says Lord *Eldon*, in *Geary* v. *Sheridan*, (8 *Vesey*, 192.) is for the Court to hear the pleadings, and itself to pronounce the decree, and not to permit the plaintiff to take, at his own discretion, such a decree as he could abide by, as in the case of default by the defendant at the hearing.   Even with respect to the case of a default at the hearing, I observe, that by Lord *Clarendon's* rules, (*Beames' Orders*, p. 197.) if the defendant, or his counsel, did not appear at the hearing, yet the answer was to be read, and the Court was then to determine, upon such hearing, if there was cause to decree for the plaintiffs.

The 91st rule of this Court shows, that where a bill of foreclosure of a mortgage is taken *pro confesso*, the cause must, thereafter, be regularly set down for hearing, at term; and *that part of the rule* was not introductory of any new provision peculiar to the case of bills to foreclose.   The

rule, in that respect, was only *declaratory of the general practice.*

As setting down the cause for hearing in such cases is for the sake of the Court, and to preserve order, and to prevent surprise, it is not necessary to give notice to the defendant of the hearing, or to affix notice in either of the public offices. The defendant who suffers the bill to be taken *pro confesso*, has nothing to say, and requires no such notice.