### DAISLEY v. DUN et al.

(Circuit Court, D. Massachusetts. December 20, 1899.)

No. 1,160.

DISCOVERY—DEMURRER TO BILL—CLAIM OF PRIVILEGE.

Where a bill solely for discovery discloses on its face reasons sufficient to justify the defendant's claim of privilege on the ground that the answers called for might subject him to criminal prosecution, and to a penalty or forfeiture, the objection may be taken by demurrer.

In Equity. On demurrer to bill for discovery.

Charles F. Choate, Jr., for complainant.
Carver & Blodgett, for defendants.

BROWN, District Judge. The defendants, who are co-partners conducting Dun's Agency, demur to a bill solely for discovery in aid of an action of libel; stating as a cause of demurrer that to answer the interrogatories "might subject them to a criminal prosecution, and to a penalty or forfeiture." The interrogatories are as follows:

"(1) What are the names and addresses of all the persons to whom the statement referred to in this bill of complaint, namely, 'James Daisley, South Framingham, Mass., has assigned to B. T. Thompson for the benefit of his .creditors,' was sent on or about the 28th of March, 1898? (2) From what person or persons was any information received by you with reference to any assignment made by the petitioner on or about March 28, 1898, and what was the information so received? (3) What was done by you or your agents in Boston on or about March. 28, 1898, upon the receipt of any information with reference to any assignment by this petitioner? (4) In what manner (that is, whether by mail or messenger, or otherwise) were notices of any assignment of the petitioner on or about March 28, 1898, sent to any persons by you or your agents in Boston?"

An inspection of the interrogatories satisfies me that the objection is substantial. The complainant contends, however, that this objection cannot be taken by demurrer, but only by answer under oath, and cites Fisher v. Owen, 8 Ch. Div. 645, and Allhusen v. Labouchere, 3 Q. B. Div. 658. It is true that a demurrer to discovery on the ground that it may incriminate may be regarded as involving an affirmative claim of privilege. Prof. Langdell says, however:

"A demurrer to discovery, indeed, is not in its nature a demurrer at all, but a mere statement in writing that the defendant refuses to answer certain allegations in the bill, for reasons which appear upon the face of the bill, and which the demurrer points out." Langd. Eq. Pl. §§ 69, 97.

There would seem to be no practical reason for requiring a defendant to make oath merely that he declines to answer. Therefore, if an oath is ever necessary, it must be to supply reasons justifying the refusal. But it is obviously possible that a bill may disclose on its face reasons sufficient to justify the defendant's claim of privilege. When this is so, it would seem entirely proper to justify by reference to the bill alone, without proffering an oath. The propriety of taking the objection by demurrer seems to have been very generally recognized. Story, Eq. Pl. §§ 547, 553, 575, 583, 591, 597, 599; Bray, Disc. p. 318, note; Id. p. 325; Coop. Eq. Pl. §§ 190, 191, 202; 6 Enc. Pl. & Prac. 742; Fost. Fed. Prac. § 109. In this case the criminating tendency of the interrogatories is apparent, and the defendant's oath is not required to furnish any fact or opinion in order that the court may determine that the defendant has valid reasons to support his claim of privilege. The printed record contains no plea of justification, and therefore the complainant does not appear to be entitled to discovery to aid him in disproof of allegations made by the defendant. Moreover, the bill does not seek discovery on this ground. As this finding leads to a dismissal of the bill, it is unnecessary to decide whether the bill is objectionable on other grounds. Bill dismissed.