### UNITED STATES v. ECCLES et al.

(Circuit Court, D. Oregon. September 19, 1910.)

No. 3,600.

1. INDICTMENT AND INFORMATION (§ 87*)—AVERMENT AS TO TIME OF OFFENSE—CONSPIRACY TO DEFRAUD UNITED STATES.

An indictment under Rev. St. § 5440 (U. S. Comp. St. 1901, p. 3676), for conspiracy to defraud the United States, is not insufficient because it charges that the conspiracy was formed on a date more than three years prior to the time it was found, and sets out overt acts at different times thereafter up to and within the three years, where it is also charged that the conspiracy was in continuous operation and continuously in process of execution at all times down to that of the last overt act specified.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 244–255; Dec. Dig. § 87.*

Commencement of period of limitations against prosecutions for continuing offenses, see note to Ware v. United States, 84 C. C. A. 519.]

2. INDICTMENT AND INFORMATION (§ 125*)—FEDERAL STATUTE—DUPLICITY.

The crime of conspiracy to defraud the United States, within Rev. St. § 5440 (U. S. Comp. St. 1901, p. 3676), is not necessarily complete when the first overt act is committed; but, where it contemplates a series of acts, it is a continuing offense as to all conspirators who have not withdrawn therefrom as long as any act or acts are committed by one or more of them in furtherance of the object thereof; and such acts are not separate and distinct offenses, but a part of the substantive

offense, and may be charged in the same count of an indictment without rendering it bad for duplicity.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 334-400; Dec. Dig. § 125.*]

Prosecution by the United States against David Eccles and others. On demurrer to indictment. Demurrer overruled.

John McCourt, U. S. Atty.
Snow & McCamant and John L. Rand, for defendants.

BEAN, District Judge. The defendants were indicted for the crime of conspiracy to defraud the United States out of its public lands, in violation of section 5440 of the Revised Statutes (U. S. Comp. St. p. 3676). The indictment contains two counts. The first charges a conspiracy entered into on October 1, 1899, and continuing down to the 1st day of October, 1909, and specifies divers and sundry overt acts charged to have been committed in pursuance thereof. The second count charges a conspiracy entered into on the 11th day of March, 1907, and continuing down to the 1st day of October, 1909, and sundry overt acts committed in pursuance thereof. The defendants have demurred on the ground that the first count charges more than one conspiracy, and that both the first and second counts are duplicitous.

The true test of the sufficiency of an indictment is not whether it might have been more accurately or concisely drawn, but whether "it contains every element of the offense intended to be charged and substantially apprises the defendant of what he must be prepared to meet on the trial, and in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." Peters v. U. S., 94 Fed. 131, 36 C. C. A. 109. And "no indictment found and presented by a grand jury in any District or Circuit or other court of the United States shall be deemed insufficient, nor shall the trial, judgment or other proceeding thereunder be affected by reason of any defect or imperfection in matter of form only which shall not tend to the prejudice of the defendant." Section 1025, Rev. St. (U. S. Comp. St. p. 720).

Within these rules, the indictment in question is sufficient, and the demurrer should be overruled. It certainly apprises the defendants of what they must be prepared to meet on the trial, and a record of the judgment thereon would show with accuracy to what extent they could plead a former acquittal or conviction. Indeed, if the indictment is objectionable at all, it is because there is set out therein evidential matter, which might have been given on the trial without alleging it. The grand jury could legally have charged a conspiracy formed at some date within three years prior to the finding of the indictment, with subsequent overt acts, and proof that the conspiracy was formed and overt acts committed thereunder prior to that time, and that it continued down to and including the dates stated in the indictment, and the commission of the alleged overt acts, and the conscious participation of the defendants therein would have been competent evidence for the consideration of the jury in determining the

issues presented by the indictment. Jones v. U. S., 162 Fed. 417, 89 C. C. A. 303; Ware v. U. S., 154 Fed. 577, 84 C. C. A. 503, 12 L. R. A. (N. S.) 1053. The grand jury, however, saw proper to allege the date of the formation of the original conspiracy, the overt acts committed thereunder, and its existence and overt acts within three years, thus particularly advising the defendants of what the government expects to prove on the trial, and certainly they are not injured thereby. The first count, in my judgment, charges but one conspiracy or unlawful agreement. That is alleged to have been entered into on or about October 1, 1899, by the defendants and one Hyde. It is charged that such conspiracy "was in continuous operation and continuously in process of execution by the defendants at all dates and times on and between the 1st day of October, 1899, and the 1st day of October, 1909," and divers and sundry overt acts are alleged to have been committed in pursuance thereof. Hyde was a party to the original conspiracy and the alleged overt acts prior to the one charged to have been committed December 8. 1906. Thereafter the original unlawful agreement and combination, it is alleged, was continued and carried on by the defendants without Hyde, and sundry overt acts done by one or more of them in pursuance thereof. The averment that on October 11, 1907, the defendants "did knowingly, willfully, and unlawfully plot, conspire, combine, and confederate together with, between, and amongst themselves to defraud the United States of America out of the possession, use of, and title to various large tracts of public lands," etc., is simply a charge that the original conspiracy was then in existence and in process of consummation, and that the defendants were still consciously participating therein.

The contention that each overt act constitutes a separate crime, and should be so charged in the indictment, is not in accordance with the authorities as I read them, although there is ambiguity in some of the opinions. It is the conspiracy, and not the overt acts done in pursuance thereof, which is denounced by section 5440. U. S. v. Britton, 108 U. S. 199, 2 Sup. Ct. 531, 27 L. Ed. 698. It is true the conspiracy is not effective until an overt act is committed by one or more of the conspirators, and therefore no prosecution can be had until that time, and then only against those consciously participating at the time in the effectuation of the unlawful purpose. This, however, was merely intended to afford a locus pœnitentiæ, so that, before any act is done, either one or all of the conspirators may abandon their design. Nor is the crime necessarily complete when the first overt act is committed. If, as is here alleged, the unlawful combination or agreement contemplates a series of acts for its accomplishment, requiring a considerable period of time for their performance, the conspiracy is a continuing offense as to conspirators who have not withdrawn therefrom, as long as any act or acts are committed by one or more of them in furtherance of the object thereof, and such acts are not separate and distinct offenses, but merely a part of the substantive offense. Jones v. U. S., supra; Ware v. U. S., supra; Arnold v. Weil (D. C.) 157 Fed. 429. Therefore more than one overt act may be charged in the same count of an indictment without making it duplicitous.