### WEBB v. SAMUELS et al.

(District Court, S. D. New York. March 16, 1915.)

EQUITY ☞179—PLEADING—ANSWER.

 While a defendant in equity may not be required to make discovery in his answer, if the discovery will tend to incriminate hm, or subject him to a penalty or forfeiture, he will not, on that ground, be relieved from answering, but must answer or take the consequences of his default.

 [Ed. Note.—For other cases, see Equity, Cent. Dig. § 415; Dec. Dig. ☞179.]

In Equity. Suit by Alexander S. Webb, as trustee, against Jacques Samuels, Herman H. Oppenheimer, and others. On motion by defendant Oppenheimer for extension of time to answer. Motion granted.

Root, Clark, Buckner & Howland, of New York City, for plaintiff.
Elkus, Gleason & Proskauer, of New York City, for defendants.

AUGUSTUS N. HAND, District Judge. The defendant Oppenheimer has again applied for an extension of time to answer the complaint in the above cause, upon the ground that his answer may tend to incriminate him. I had thought that the complainant could avoid raising this question by entering into the stipulation which I suggested in my former memorandum, but inasmuch as he insists that doing so will impose upon him a great additional burden in proving his case, I have decided to pass upon the direct issue between the parties, and have reached the conclusion that the defendant must answer the complaint or submit to whatever loss or inconvenience is involved by his default.

There is no doubt under the decision cited by the defendant Oppenheimer that he will not be compelled to make discovery under circumstances where it may appear that the discovery would tend to incriminate him. Rule 30 (198 Fed. xxvi, 115 C. C. A. xxvi) of the present equity rules provides:

"The defendant in his answer shall in short and simple terms set out his defense to each claim asserted by the bill, omitting any mere statement of evidence and avoiding any general denial of the averments of the bill, but specifically admitting or denying or explaining the facts upon which the plaintiff relies, unless the defendant is without knowledge, in which case he shall so state, such statement operating as a denial. * * *"

Rule 58 (198 Fed. xxxiv, 115 C. C. A. xxxiv) provides for discovery upon filed interrogatories. I cannot see that any question of discovery is involved upon the present motion merely by reason of the fact that there is a general prayer for discovery in the bill.

The following quotations from Story's Equity Pleading and the old English case of Brownsword v. Edwards, 2 Vesey, 246, cited by counsel for the complainant, seem to be in point.

· Story's Equity Pleading (10th Ed.) p. 456:

"But the objection [i. e., to discovery] is strictly confined to the point of the discovery sought, and does not affect the jurisdiction of the court to grant relief. For a party shall not protect himself against relief in a court of

equity by alleging that, if he answers the bill filed against him, he must subject himself to the consequences of a supposed crime, although the court will not force him by his own oath to subject himself to punishment. Therefore, in the case of a bill to inquire into the validity of deeds upon a suggestion of forgery, the court has entertained jurisdiction of the cause; and although it has not obliged the party to a discovery of any fact, which might tend to show him guilty of the crime, yet it has directed an issue to try whether the deeds were forged."

In Brownsword v. Edwards, 2 Ves. 246, Lord Hardwicke said:

"Some collateral arguments have been used, that it is not in every case the party shall protect himself against relief in this court upon an allegation that it will subject him to a supposed crime. It is true, it never creates a defense against relief in this court. Therefore in case of usury or forgery, if a proof can be made of it, the court will let the cause go on still to a hearing, but will not force the party by his own oath to subject himself to punishment for it. In a bill to inquire into the reality of deeds on suggestion of forgery, the court has entertained jurisdiction of the cause, though it does not oblige the party to a discovery, but directs an issue to try whether forged."

The cases relied upon by the defendant Oppenheimer appear to be all cases where something in the nature of a discovery or other disclosure was required, and therefore are not in point. The defendant Oppenheimer urges that no person should be put in the position of losing anything by his failure to answer. This is an argument not without force, to which I have given due weight; but I have reached the conclusion that such an interpretation of the provisions protecting persons from incriminating themselves would result in a practical denial of all civil remedy in many cases. Wherever a person is accused of conversion of property, he could by such an interpretation of the law not only prevent parties from examining him as to the facts, and thus under settled rules of law deprive them of an extremely important privilege; but he could also entirely block any legal remedy by preventing the case from ever coming to an issue. This is extending the protection against incrimination beyond all reason or precedents.

It would be possible to discuss the question of self-incrimination in the light of the old equity procedure, which, however, has now been substantially changed by new rules. I would say, however, in brief, that even under the old practice the situation of the defendant Oppenheimer would be the same. In the case of Atwill v. Ferrett et al., 2 Blatch. 39, Fed. Cas. No. 640, heard in the United States Circuit Court for this District, before Mr. Justice Nelson and Judge Betts, it was held that a bill claiming forfeiture of a piece of music under an act of Congress and seeking a discovery was bad on special demurrer to the extent of the discovery prayed for, and the court said:

"It is an incontrovertible principle of equity law that a defendant cannot be compelled to make discoveries in answer to a bill which seeks to enforce penalties and forfeitures against him by means of such discoveries."

The remainder of the bill, however, was sustained, though a general demurrer was taken.

Mr. Langdell says in his book on Equity Pleading, at page 107:

"If a defendant conceives that the bill contains allegations or charges which he is not bound to answer, either because they are irrelevant to the case made by the bill, or because it appears upon the face of the bill that an answer to

them may subject the defendant to a criminal prosecution or to a penalty or forfeiture, the defendant, instead of stating his objections in his answer, and having the question decided upon exceptions, may demur to such allegations or charges, and thus present the question directly to the court whether he is bound to answer them or not. But it is obvious that such a demurrer is of a wholly different nature from a demurrer to relief, though the course of procedure is the same upon both. A demurrer to discovery, indeed, is not in its nature a pleading at all, but a mere statement in writing that the defendant refuses to answer certain allegations or charges in the bill, for reasons which appear upon the face of the bill, and which the demurrer points out."

It has always been held in the English common law that the defendant need not make discovery in cases where he would be subjected to a penalty or forfeiture. That I think always has been and is the extent of the doctrine. If it be remembered that the bill of complaint under the old equity pleading contained a charging and interrogating part and the answer was supposed to make discovery, the origin of the decisions relied upon by the defendant Oppenheimer will be apparent. It was always possible in certain cases that the defendant was not required to make discovery, where the discovery would tend to subject him to a penalty or forfeiture; but I have found nothing to intimate that he could prevent the case from proceeding to trial, or gain the benefit of any defense which he had the right to interpose, by insisting that, if it was interposed by him, it might tend to incriminate him.

An order should be entered granting the defendant Oppenheimer an extension to file his answer to the complaint until to and including March 24th; no further extension to be granted.