### NEW YORK & BERMUDEZ CO. v. MOWINCKEL et al.

(District Court, S. D. New York. October 29, 1915.)

ADMIRALTY ☞75—PLEADING—INTERROGATORIES.

    A defendant in admiralty is not entitled to a discovery before answer, for the purpose of showing that it is not a proper party and avoiding an answer.

    [Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 559, 586, 587; Dec. Dig. ☞75.]

In Admiralty. Suit by the New York & Bermudez Company against Johannes Ludwig Mowinckel, with the Hamburg-American Line impleaded. On motion for discovery. Denied.

Burlingham, Montgomery & Beecher, of New York City, for libelant.

Haight, Sanford & Smith, of New York City, for respondent Hamburg-American Line.

Ralph James M. Bullowa, of New York City, for respondent Mowinckel.

AUGUSTUS N. HAND, District Judge. The respondent Hamburg-American Line is seeking discovery, not for the purpose of enabling it to answer, which it can do, but because it does not wish to

answer. It says that the answer might tend to incriminate it, and, if it had discovery, such discovery might indicate that it had no interest in the controversy and is not a proper party.

I see no power under local admiralty rule 39 to grant discovery before answer. Interrogatories attached to the pleadings furnish the usual, if not the exclusive, remedy in admiralty, and, as I held in a memorandum dated March 16, 1915, in the case of Webb v. Samuels et al., 227 Fed. 948, a defendant in a civil suit must take his choice between answering or letting the proceeding go against him by default, and cannot, in my opinion, urge that he should be relieved from answering because his answer may incriminate him. Of course, he need not answer, but must suffer the consequences if he fails so to do. If the respondent, as appears to be the case, is in position to set up a defense which will be a bar to the action, it must plead it in the usual way.

The argument of counsel for the Hamburg-American Line is ingenious; but, if the course he suggests were permitted, it would be incumbent upon this court to try out by affidavits and examinations the question as to whether a party could be brought into court to plead at all. I know of no such practice, and while it may be that a preliminary hearing after issue joined might be a desirable way of disposing of some litigations without awaiting delay and expense of a formal trial, there is no such practice known to this court, and the suggestion on the part of respondent goes even one step further, and urges the court to allow a preliminary investigation to determine whether a party shall plead or not.

This should not, I think, be allowed.

⊙ⲱFor other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes