### BRADFORD v. INDIANA HARBOR BELT R. CO.

(Circuit Court of Appeals, Seventh Circuit. June 18, 1924.)

No. 3301.

1. **Courts 351—Equity rule 58 not applicable to bill of discovery in aid of action at law.**

Equity rule 58 is not applicable to a bill of discovery in aid of an action at law.

2. **Discovery 4—Bill of discovery in aid of legal action maintainable only in exceptional cases.**

Rev. St. § 724 (Comp. St. § 1469), was intended to provide a substitute for a bill of discovery in aid of a legal action in the federal courts, and such bill is not maintainable where it would subject the adverse party to the expense of an intricate accounting, and the evidence sought can be as readily secured under said section, or under the provisions of a state statute, or from other sources.

For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the District of Indiana.

Suit in equity by William A. Bradford against the Indiana Harbor Belt Railroad Company. From a decree dismissing the bill, complainant appeals. Affirmed.

The District Court granted the motion of appellee (an Indiana corporation) to dismiss appellant's bill in equity for discovery in aid of its suit at law. The bill sets out the pleadings at law. The complaint (filed September 29, 1921) states that plaintiff owns a strip of land, about 1,400 feet long, in Cook county, Illinois, with a railroad track thereon connecting the railroad tracks of defendant with those of the Illinois Central Railroad Company; that in 1910 without plaintiff's consent, the defendant possessed itself of said strip of land and railroad, and ever since, except while it was in control of the United States Director of Railroads, has held and operated it, moving daily many railroad trains over it; and that he is entitled to, and sues for, rent for use and occupancy by defendant, the reasonable value of which is alleged to be 75 cents for each car and $1 for each locomotive moved over the property. Defendant's answer includes general denial and allegation of acts of plaintiff which estop him from maintaining the action; also of conduct of plaintiff which amounts to his dedication of the property to public use; also of payment, and limitation as to so much of the action as did not accrue within six years before commencement of suit. Plaintiff replied, and the law action was at issue.

The bill charges that plaintiff did not know of defendant's occupation and use of the property until June, 1921; that the material issue of the suit at law is the occupation and extent of use of the property by the defendant, and the amount it charged and received therefor, and the right of defendant as a foreign corporation to do business in the state of Illinois; that the defendant kept books of account and has papers and documents showing the extent of its use of the track and bearing upon the question of defendant's right to transact business in Illinois; and that the plaintiff has no means of ascertaining such facts except through the answers to the interrogatories appended to the bill, and which the plaintiff asks be answered on oath. Preceding the interrogatories is the statement that their answer on oath is asked "in accordance with equity rule No. 58." The interrogatories, 23 in number, are nearly all directed to the question of the number of cars and locomotives moved over the tracks, and the prices charged or received by appellee for this service, during the period from July 10, 1910, to the time of making the answer. A few of them relate to appellee's right to do business in Illinois.

Worth E. Caylor, of Chicago, Ill., for appellant.
Samuel D. Miller, of Indianapolis, Ind., for appellee.

Before ALSCHULER and PAGE, Circuit Judges, and LINDLEY, District Judge.

ALSCHULER, Circuit Judge (after stating the facts as above).
[1] The interrogatories submitted purport to be in accordance with equity rule No. 58, which authorizes parties to a bill in chancery to file interrogatories for discovery from the opposite party of facts and documents material to the support or defense of that action. Here the discovery sought is not in support or defense of the action wherein it is asked, but of a suit at law, and rule 58 does not apply. But the reference to rule 58 may be discarded as surplusage, leaving the inquiry whether the bill, dismissed on appellee's motion, is under the indicated facts maintainable.

[2] The bill in equity for discovery in aid or defense of actions at law has fallen quite into disuse, since section 724, U. S. Rev. St. (Comp. St. § 1469), became effective, which is:

"In the trial of actions at law, the courts of the United States may, on motion and due notice thereof, require the parties to produce books or writings in their possession or power, which contain evidence pertinent to the issue, in cases and under circumstances where they might be compelled to produce the same by the ordinary rules of proceeding in chancery. If a plaintiff fails to comply with such order, the court may, on motion, give the like judgment for the defendant as in cases of nonsuit; and if a defendant fails to comply with such order, the court may, on motion, give judgment against him by default."

In Carpenter v. Winn, 221 U. S. 533, 31 Sup. Ct. 683, 55 L. Ed. 842, it was said that "the purpose of the provision is to provide a substitute for a bill of discovery in aid of a legal action," but it was there stated that the expression " 'in the trial' implies a restricted use of the procedure as compared to a bill of discovery"; that the words "in the trial" must be construed to apply to the trial itself, and not to a time before the trial; and that under that section plaintiff could not be examined or required to produce books and documents in advance of the trial itself. While no question of the right of a party to maintain a bill in equity for discovery in aid of a suit at law directly arose there, the court said, respecting the right to maintain such a bill in a proper case, "Such procedure is still open if it is desired to have the evidence produced before the trial;" and we will assume that in a proper case this long-existing equitable remedy may yet be resorted to.

The discovery here sought is, in the main, respecting the number of cars and locomotives which appellee, or others with its consent, moved over this short track for a period of about 13 years, for all of which time, up to a few months before the commencement of the suit at law, the appellant says he had no knowledge of the appellee's occupation and use of his property. If the ascertainment of these facts is simple, and does not involve complex and voluminous accounts, it may well be that the ordinary processes would be sufficient for appellant, and that the extraordinary relief by discovery in equity was entirely unnecessary and properly denied. If such ascertainment is complex, involving much labor, time, and expense, the circumstances here presented would strongly suggest that the burden of all this initial preparation should be upon the appellant rather than upon appellee. Nothing appears, either by the pleadings in the suit at law or in the bill in equity, to indicate that appellee in any manner concealed the appellant's railroad from him during all these years, or in any way obstructed, hindered, or embarrassed appellant in the pursuit of his remedies. The bill does not disclose that he was under any disability, save perhaps his residence in New York. It does show he himself built this road and connected it in operative relation with the intersecting lines, and that hundreds of cars passed over it daily during all the period in question; that he was a railroad man with knowledge of railroad affairs, and for a time even held some relation with regard to one of the intersecting lines. The bill sufficiently shows that through appellant's own carelessness, or neglect of his rights

this discovery would be complicated, difficult, and costly, and that it would not now be equitable to permit him to impose upon appellee the initial expense and burden of making up the desired account.

Assuming the evidence sought to be competent, or at least involves questions to be decided by the court in the law action, appellant may invoke section 724 by giving his notice for the production of the books and documents at the trial, and it is not to be presumed that the district court would deprive him of reasonable opportunity to examine them before the trial was concluded. Furthermore, appellee, in its brief and argument here, tenders to appellant all the benefit of sections 502 and 503, Burns' Ann. Stat. of Indiana, which authorizes courts to require on motion, production by opposite party of books and papers in advance of the trial for inspection by the moving party.

The interrogatories with reference to freight rate schedules as filed with the Interstate Commerce Commission bear on the question of charges for transporting these cars over the railroad in question, the facts of which, if proper to be inquired into, may be had at first hand from the Interstate Commerce Commission; and likewise as to papers and documents respecting appellee's compliance with the corporation laws of Illinois, the evidence whereof may be found in the office of the secretary of state of Illinois. Under the facts stated in the bill of complaint the District Court did not err in denying by dismissal of the bill the equitable relief sought.

Decree affirmed.