### BAUSH MACH. TOOL CO. v. ALUMINUM CO. OF AMERICA.

#### No. 2182.

District Court, D. Connecticut.

June 15, 1932.

Homer S. Cummings, of Stamford, Conn., for plaintiff.

Edward F. McClennen, of Boston, Mass., for defendant.

THOMAS, District Judge.

This matter is now before the court on plaintiff's motion to strike out defendant's answer. This suit is a bill of discovery in aid of an action at law now pending in this court between the same parties. After the bill was filed and prior to the interposition of the an-

swer, the defendant filed its motion to dismiss the bill upon various grounds assigned in the said motion which attacked the sufficiency of the bill and challenged the jurisdiction of the court. As the record will show, by memorandum of decision on file, that motion was denied and thereupon the defendant filed its answer to the bill.

Three grounds are assigned in the motion to strike out the answer. First, it is asserted that the answer was not filed within the time limited by the rules. I am of the opinion that this ground is untenable. Motions to strike out, based upon matters dehors the pleadings, should be affirmatively alleged in some affidavit or petition purporting to state such matters. I have doubt as to whether this court can take judicial notice, for instance, of the fact that the plaintiff has not extended the defendant's time to plead. It is alleged in the plaintiff's brief that the bill was filed on February 8, 1932, and that the answer was filed on April 25, 1932, which, obviously, was more than twenty days after service of the subpœna issued thereon. However, rule 29 of the Supreme Court Equity Rules (28 USCA § 723) provides that if the defendant moves to dismiss the bill, and if such motion be denied, an answer may be filed within five days thereafter. The court's denial of the defendant's motion, as appears by the statement on the brief, was entered on April 20, 1932, and on the same brief it is conceded that the defendant's answer was filed on April 25, 1932.

The second ground set forth in the motion is "that the matters set out in the answer are insufficient in law to deny the plaintiff's right to a discovery." It is apparent that the answer is a somewhat amorphous document. It embodies a motion to dismiss the bill; it contains a considerable amount of argumentative matter as well as, here and there, specific denials of some of the allegations in the bill together with various objections to particular interrogatories. As a pleading it hardly measures up to the succinct and categorical document contemplated by Equity Rule 30 (28 USCA § 723).

On the other hand, there seems to be no authority under the Equity Rules for striking out an answer, as such, for insufficiency. Equity Rule 33 (28 USCA § 723) provides that: "If an answer set up an affirmative defense, set-off, or counter-claim, the plaintiff may, upon five days' notice, or such further time as the court may allow, test the sufficiency of the same by motion to strike out."

In other words, it appears that the motion to strike out addressed itself to an affirmative defense, set-off, or counterclaim, and not to an answer, in its entirety.

So much of the answer as embodies objections to the jurisdiction of the court, or the sufficiency of the bill—that is to say, the matters set out in paragraphs 1 and 2—are stricken out as insufficient on their face to constitute matter of defense. In so far as they embody or purport to embody a motion to dismiss the complaint, they are stricken out for the reasons heretofore stated by this court in its memorandum of decision rendered on defendant's motion to dismiss the bill, and on the further ground that the defendant, having availed itself of the alternate remedy provided for by rule 29, is concluded by the adjudication thereon. Equity Rule 29 (28 USCA § 723) provides for the abolition of demurrers and pleas. It then says: "Every defense, in point of law arising upon the face of the bill, whether for misjoinder, nonjoinder, or insufficiency of fact to constitute a valid cause of action in equity, which might heretofore have been made by demurrer or plea, shall be made by motion to dismiss or in the answer." There is nothing in this answer which was not comprehended in the motion to dismiss heretofore made and decided.

Paragraph 3 of the answer may remain.

Paragraph 4 of the answer does not embody any defense to the bill, but criticizes the scope of the interrogatories. It is, therefore, stricken out as insufficient. Likewise paragraph 5.

Paragraph 6 of the answer, to the effect that the plaintiff is already taking depositions in the law action, furnishes no defense to the bill, and is therefore stricken out.

Paragraph 7, which purports to set out undue hardship inflicted upon the defendant in being compelled to make investigations upon which to formulate its answers to the interrogatories, constitutes no defense to the bill, but will have consideration at the conclusion of this memorandum, where final ruling will be made respecting the interrogatories.

Paragraph 8 sets up no facts of any kind, and neither admits nor denies any allegation of the bill, and is, therefore, stricken out.

Commencing with paragraph 10 and continuing through to the conclusion of the answer, we have nothing but objections to the interrogatories annexed to the bill. These ob-

jections should not be part of the answer. Nevertheless the matters alleged will have consideration at the conclusion of this memorandum where final ruling will be made in a separate memorandum regarding such objections.

■ The balance of the answer in effect joins issue with such allegations of the bill as purport to set out the merits of the action at law. Issue so joined is ineffective for the purpose of defeating the entry of a decree upon a bill of discovery. Pressed Steel Car Co. v. Union Pacific R. Co. (D. C.) 241 F. 964; Zolla v. Grand Rapids Store Equipment Corp. (D. C.) 46 F.(2d) 319.

The third ground for the motion to strike out is in effect nothing more than a restatement of the second ground and requires no further consideration. The plaintiff may submit an order for the entry of a decree upon the pleadings in conformity with this memorandum.

### Memorandum de Interrogatories Attached to the Bill of Discovery.

The plaintiff seeks to propound to the defendant 635 interrogatories for the purpose, as stated in its bill of discovery, of disclosing the facts with respect to the defendant's cost of aluminum ingot production, which cost, it is claimed by the plaintiff, can only be disclosed from the books and records of the defendant and constitutes a material, if not an essential, part of the evidence necessary to substantiate the plaintiff's claim in the action at law.

A careful examination of the interrogatories shows that while it is true there are 635, yet they are addressed separately to the years 1925 to 1930, inclusive, so that in effect there are approximately but 105 separate interrogatories. It also appears that there is a further duplication because practically the same interrogatories are propounded with respect to the Massena, Niagara Falls, and Tallassee plants and as to the hydro-electric power furnished by the Tallassee Company and the St. Lawrence River Power Company. So it appears that the number of questions propounded is attributable to the diversity of the operations involved, the number of corporate agencies and plants operated by the defendant, as well as the number of years covered in the interrogatories.

■ The plaintiff asserts that as the cost of ingot production is necessary and material and has been purposely kept secret by the defendant, it is in the interest of justice and will manifestly and materially shorten the trial if the interrogatories propounded are answered in advance of the trial, and so I have examined the interrogatories with some care, and in order to meet the claims of the plaintiff and the assertions of the defendant that answers will involve undue hardship, I rule now respecting them in an effort to dispose of the respective contentions of both parties to this suit.

### Interrogatories 1 to 48, Inclusive.

1. The answers to interrogatories 1 to 6, 7 to 12, 13 to 18, 19 to 24, 25 to 36, 37 to 48, all inclusive, relate to book entries and should be answered.

### Interrogatories 49 to 54, Inclusive.

2. The defendant admits by paragraph 9 of its answer, which deals with paragraph 7 of the plaintiff's bill, the share ownership of the St. Lawrence River Power Company. While answers to interrogatories 49 to 54 are not strictly necessary, I think they should be answered for the sake of completeness and clarity of the record.

### Interrogatories 55 to 60 and 61 to 66, Inclusive.

3. Questions 55 to 60, inclusive, which relate to the furnishing of power by St. Lawrence River Power Company to plants of the defendant and/or its subsidiaries, do not appear to bear directly on ingot cost and should be disallowed, as should interrogatories 61 to 66, inclusive, asking for information as to sales of power by St. Lawrence River Power Company to third parties.

### Interrogatories 67 to 72, Inclusive.

4. In like manner the net profits of St. Lawrence River Power Company are not the subject of inquiry dealing directly with ingot cost, and so I conclude that interrogatories 67 to 72, inclusive, should not be allowed.

### Interrogatories 73 to 84, Inclusive.

5. The answers to these questions call for book entries respecting the pounds of alumina used in the production of aluminum at the Massena plant from 1925 to 1930 and should be allowed.

### Interrogatories 85 to 90, Inclusive.

6. The defendant admits by paragraph 9 of its answer, dealing with paragraph 7 of the plaintiff's bill, the share ownership of Alumi-

num Ore Company. Therefore answers to interrogatories 85 to 90, inclusive, while not strictly necessary, should nevertheless be answered in order to complete and clarify the record.

### Interrogatories 91 to 141, Inclusive.

7. The answers to these interrogatories call for book entries which are material and which should be answered.

### Interrogatories 142 to 147, Inclusive.

8. Interrogatories 142 to 147, inclusive, is a group alternative to the preceding group of 136 to 141, inclusive. As the answers to these questions call for book entries which are material they should be answered.

### Interrogatories 148 to 159, Inclusive.

9. Interrogatories 148 to 150 relate to sales of alumina by Aluminum Ore Company to third parties. Just how this may have a bearing upon cost is not clear, and so they are disallowed as may also interrogatories 151 to 159, inclusive, for the same reason.

### Interrogatories 160 to 190, Inclusive.

10. The answers to these questions call for a disclosure of book entries and should be allowed.

### Interrogatories 191 to 196, Inclusive.

11. The defendant admits by paragraph 9 of its answer, dealing with paragraph 7 of the plaintiff's bill, the share ownership of American Bauxite Company. Therefore answers to interrogatories 191 to 196, inclusive, while not strictly necessary, they may, nevertheless, be answered in order to complete and clarify the record.

### Interrogatories 197 to 232, Inclusive.

12. Answers to these questions likewise call for book entries and should be answered.

### Interrogatories 233 to 238, Inclusive.

13. The defendant admits by paragraph 9 of its answer, dealing with paragraph 7 of the plaintiff's bill, the share ownership of Surinaam Bauxite Company, and while they are not strictly necessary, they should nevertheless, in order to complete and clarify the record, be answered.

### Interrogatories 239 to 250, Inclusive.

14. The answers to these questions call for book entries, and the questions should be answered.

### Interrogatories 251 to 256, Inclusive.

15. As these interrogatories do not bear directly upon the question of cost, they are disallowed.

### Interrogatories 257 to 262, Inclusive.

16. As these questions call for book entries they should be answered.

### Interrogatories 263 to 268, Inclusive.

17. The defendant admits by paragraph 9 of the answer, dealing with paragraph 7 of plaintiff's bill, the share ownership of Republic Mining & Manufacturing Company, and while 263 to 268, inclusive, are not strictly necessary, they should be answered in order to complete and clarify the record.

### Interrogatories 269 to 280, Inclusive.

18. The answers to these interrogatories call for book entries, and the questions should be answered.

### Interrogatories 281 to 286, Inclusive.

19. As these questions do not bear directly upon the question of cost they are disallowed.

### Interrogatories 287 to 298, Inclusive.

20. Answers to questions 287 to 292 also call for book entries and should be given, except that the defendant will not be required to give the names of others, if any, who paid the cost of transporting bauxite used by Aluminum Ore Company to its plant from the mine. Likewise interrogatories 293 to 298, inclusive, will be disallowed to the extent that they call for the names of those paying the cost of transportation of alumina to the Massena plant of the defendant.

### Interrogatories 299 to 304, Inclusive.

21. They are disallowed to the extent that they call for the name of the person or persons from whom carbon electrodes were purchased.

### Interrogatories 305 to 310, Inclusive.

22. Answers to these questions call for book entries and should be given by the defendant.

### Interrogatories 311 to 316, Inclusive.

23. They are disallowed only to the extent that they inquire as to the sale of carbon electrodes manufactured at the Massena plant "to any other person" than the defendant or its subsidiaries.

Interrogatories 317 to 322, Inclusive.

24. Answers to these questions call for book entries and should be given.

Interrogatories 323 to 328, Inclusive.

25. If the books of the defendant show separately the quantities and cost of pitch, tar, and coke, and of any other raw materials (excluding electrode scrap), the interrogatories may be answered as put; but if the items are not segregated upon the books, the interrogatories may be answered in accordance with the books.

Interrogatories 329 to 340, Inclusive.

26. These call for book entries and should be answered.

Interrogatories 341 to 346, Inclusive.

27. These are disallowed to the extent only that they call for the names of subsidiaries of the defendant manufacturing the synthetic cryolite used in the production of crude aluminum at the Massena plant.

Interrogatories 347 to 352, Inclusive.

28. As to these, if the books of the defendant do not show the segregated cost of the raw materials other than alumina, carbon electrodes, and the materials therefor, and cryolite used in the production of crude aluminum at the Massena plant, the answers to the interrogatories may give the information in the form carried on the books.

Interrogatories 353 to 358, Inclusive.

29. These call for book entries and should be answered.

Interrogatories 359 to 364, Inclusive.

30. As to these, if the books show the aggregate cost of repairs at the Massena plant to those works used in the production of crude aluminum, discovery may be made by the answers to these interrogatories. If the books do not contain the information, the questions need not be answered.

Interrogatories 365 to 370, Inclusive.

31. These may be disallowed except to the extent that the amount actually taken on the books for depreciation may be disclosed.

Interrogatories 371 to 376, Inclusive.

32. These may be disallowed as phrased and the defendant permitted to disclose the amount of taxes paid instead of the amount of taxes assessed.

Interrogatories 377 to 382, Inclusive.

33. These also are disallowed, except that the amount of royalties paid may be disclosed.

Interrogatories 383 to 388, Inclusive.

34. If the books disclose the information sought and segregated as called for in the interrogatories, disclosure may be made accordingly; otherwise disclosure may be made in accordance with the entries on the books.

Interrogatories 389 to 460, Inclusive.

35. These all call for book entries upon material matters and should be answered.

Interrogatories 461 to 466, Inclusive.

36. These may be disallowed to the extent that disclosure be made of the names of the subsidiaries of the defendant, if any, paying the cost of transportation of aluminum to the Niagara Falls plant of the defendant.

Interrogatories 467 to 472, Inclusive.

37. These are disallowed to the extent that disclosure is required as to the names of the person or persons from whom carbon electrodes were purchased, unless those persons were subsidiaries of the defendant.

Interrogatories 473 to 478, Inclusive.

38. These questions should be answered as they call, almost entirely, for information derived from book entries.

Interrogatories 479 to 484, Inclusive.

39. These are disallowed to the extent that they require disclosure as to sales to any other person than the defendant or its subsidiaries.

Interrogatories 485 to 490, Inclusive.

40. Book entries are called for, and the questions should be answered.

Interrogatories 491 to 496, Inclusive.

41. As to these, if the book entries of the defendant show separately the quantities and cost of pitch, tar, and coke, and of any other raw materials (excluding electrode scrap); the interrogatories may be answered as put; but if the items are not segregated upon the books, the questions may be answered in accordance with the books.

Interrogatories 497 to 508, Inclusive.

42. These call for book entries on material matters and should be answered.

Interrogatories 509 to 514, Inclusive.

43. These are disallowed to the extent that they call for the names of subsidiaries of the defendant manufacturing the synthetic cryolite used in the production of crude aluminum at the Niagara Falls plant.

Interrogatories 515 to 520, Inclusive.

44. If the books of the defendant do not show the segregated cost of the raw materials other than alumina, carbon electrodes and the materials therefor, and cryolite used in the production of crude aluminum at the Niagara Falls plant, the answers to the questions may give the information in the form carried on the books.

Interrogatories 521 to 526, Inclusive.

45. Book entries are called for and they should be answered.

Interrogatories 527 to 532, Inclusive.

46. As to these, if the books show the aggregate cost of repairs at the Niagara Falls plant to those works used in the production of crude aluminum, discovery may be made by the answers to the interrogatories. If the books do not contain the information, the interrogatories are disallowed.

Interrogatories 533 to 538, Inclusive.

47. These are disallowed except to the extent that the amount actually taken on the books for depreciation may be disclosed.

Interrogatories 539 to 544, Inclusive.

48. As phrased, these interrogatories are disallowed, but the defendant may disclose the amount of taxes paid instead of the amount of taxes assessed.

Interrogatories 545 to 550, Inclusive.

49. These are disallowed except to the extent that the amount of royalties paid may be disclosed.

Interrogatories 551 to 556, Inclusive.

50. If the books disclose the information sought, segregated as called for in these interrogatories, disclosure may be made accordingly; otherwise disclosure may be made in accordance with the entries upon the books.

Interrogatory 557.

51. The defendant admits by paragraph 9 of its answer, dealing with paragraph 7 of the plaintiff's bill, the share ownership of Tallassee Power Company. So, while answer to this question is not strictly necessary, it should be answered to complete and clarify the record.

Interrogatories 558 to 575, Inclusive.

52. The answers to these interrogatories call for book entries upon material matters and should be answered.

Interrogatories 576 to 581, Inclusive.

53. These require disclosure of transactions entirely with third parties and are disallowed.

Interrogatories 582 to 587, Inclusive.

54. The answers to these call for book entries upon material matters and are allowed.

Interrogatories 588 to 593, Inclusive.

55. These are disallowed to such extent only as they call for a disclosure of sales of carbon electrodes by the Tallassee Power Company to any persons other than the defendant and its subsidiaries.

Interrogatories 594 to 599, Inclusive.

56. These also call for book entries on material matters and should be answered.

Interrogatories 600 to 611, Inclusive.

57. As to these, disclosure may be made of the aggregate operating expenses of the Tallassee Power Company as carried on its books, and the segregated portion of the aggregate operating expenses for the production of electric power and for the operation of the metal reduction plant may be made only as shown by the books.

Interrogatories 612 to 617, Inclusive.

58. These also call for book entries on material matters and should be answered.

Interrogatories 618 to 623, Inclusive.

59. Concerning these, the relation of total production of crude aluminum by the defendant's subsidiaries to ingot cost is not clear, and hence these interrogatories are disallowed.

Interrogatories 624 to 629, Inclusive.

60. From these questions I conclude that sales and delivery by the defendant of crude aluminum for consumption have no bearing on costs, and so these interrogatories are disallowed.

Interrogatories 630 to 635, Inclusive.

61. These may be disallowed to the extent that they call for giving the names or

592

individual salaries of officers of the defendant whose services have chiefly to do with the production of crude aluminum. Gross figures may be given in lieu thereof.