## H. WAGNER & ADLER CO. v. MALI et al.
### No. 142.

Circuit Court of Appeals, Second Circuit.
Jan. 14, 1935.

Duer, Strong & Whitehead, of New York City (Selden Bacon, of New York City, of counsel), for appellants.

Henry Ward Beer, of New York City (Harry F. Lundgren, of New York City, on the brief), for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

SWAN, Circuit Judge.

Upon the filing of the bill of discovery the defendants moved to dismiss on three grounds: For lack of equity; because discovery was sought in aid of an action for treble damages; and because discovery would prove matters which, according to the allegations of the complaint in the action at law, constitute a crime. This motion was denied by Judge Woolsey upon the authority of Baush Mach. Tool Co. v. Aluminum Co., 63 F.(2d) 778 (C. C. A. 2) certiorari denied 289 U. S. 739, 53 S. Ct. 658, 77 L. Ed. 1486, without passing upon the propriety of the interrogatories sought to be prepounded. The defendants then filed an answer of which all but three paragraphs were stricken, on plaintiff's motion, by Judge Knox, who instructed the defendants as to the procedure to be followed in answering the bill and objecting to the interrogatories. The defendants were granted fifteen days, expiring on January 28, 1934, within which to file an amended answer. So much of the original answer as had not been stricken out admitted that the plaintiff was a New York corporation and the defendants were partners with a principal place of business in New York City (paragraph 1), and alleged only that a bill of discovery does not lie in aid of an action to recover treble damages which are in the nature of a penalty (paragraph 39), and that there was no equity in the bill (paragraph 43). In May, 1934, no amended answer having been filed, the plaintiff moved for an order adjudging the defendants in default, precluding them from filing objections to the interrogatories, and requiring them to answer the same forthwith. A decree to this effect, entered by Judge Patterson, is the decree appealed from. Pending the appeal, enforcement of the decree was suspended.

The appeal challenges not only the decree of Judge Patterson, but also the interlocutory orders of Judge Woolsey and Judge Knox. The appellants' first contention is that the action at law, being for treble damages, is a suit to recover damages in the nature of a penalty, in aid of which no bill of discovery will lie; hence their motion to dismiss should have been granted. In support of this position they cite numerous authorities.[1] But the question has been recently determined by this court adversely to the appellants' contention. Baush Mach. Tool Co. v. Aluminum Co. (C. C. A.) 63 F.(2d) 778, certiorari denied 289 U. S. 739, 53 S. Ct. 658, 77 L. Ed. 1486. There a bill of discovery was allowed in aid of an action at law under the anti-trust acts. We do not regard the question as now open for reconsideration.

The appellants next complain of the order of Judge Knox striking out all but three paragraphs of their answer. The answer denied the plaintiff's right to discovery, combined defenses to the action at law and the bill of discovery, and included objections to the interrogatories annexed to the bill. It was verbose, redundant, and replete with argumentative matter. Without taking up the separate paragraphs of the answer, more than one hundred in number, it will suffice to say that it clearly violated Equity Rule 30 (28 USCA § 723) in not setting out "in short and simple terms" the defense to each claim asserted by the bill. For this reason alone, and without regard to others which might be advanced, we think it was within the trial court's discretion to require an amended answer.

Judge Knox instructed the defendants as to the procedure to be followed in answering the bill and objecting to the interrogatories. In so doing he proceeded upon the assumption that Equity Rule 58 (28 USCA § 723) applies to discovery in aid of an action at law as well as to interrogatories filed in suits for equitable relief. This the appellants emphatically deny. Their contention finds sup-

[1] See Jones v. Jones, 22 Q. B. D. 425; Hobbs & Co. v. Hudson, 25 Q. B. D. 232; Boteler v. Allington, 3 Atk. 453, 457; Harrison v. Southcote, 2 Ves. 389, 394; Hare, Discovery (1st Am. Ed.) 131; Daniell, Chancery Pleading & Practice (6th Am. Ed.) 387, 1557; Story, Equity Pleading (10th Ed.) § 576. In the federal courts the question has usually arisen in connection with patent and trade-mark litigation, and divergent views have been expressed. For cases disallowing interrogatories where treble damages are claimed, see F. Speidel Co. v. N. Barstow Co., 232 F. 617 (D. C. R. I.); Wilson v. Union Tool Co., 275 F. 624 (D. C. S. D. Cal.); Blackmore v. Collins, 286 F. 629 (D. C. E. D. Mich.). For cases reaching the opposite result, see Grasselli Chemical Co. v. Nat. Aniline & Chem. Co., 282 F. 379 (D. C. S. D. N. Y.); Woodbury v. Andrew Jergens Co., 16 F.(2d) 130 (D. C. E. D. N. Y.); Taylor v. Ford Motor Co., 2 F.(2d) 473 (D. C. N. D. Ill.); Beacon Folding Mach. Co. v. Rotary Mach. Co., 17 F.(2d) 934 (D. C. Mass.). The two cases last mentioned suggest distinctions between the patent cases, where trebling the damages is discretionary with the court, and cases where a statute compulsorily trebles compensatory damages.

port in a statement in Bradford v. Indiana Harbor Belt R. Co., 300 F. 78 (C. C. A. 7), but this conclusion, with due deference, we cannot accept. In Sinclair Refining Co. v. Jenkins Co., 289 U. S. 689, 693, 53 S. Ct. 736, 77 L. Ed. 1449, 88 A. L. R. 496, where discovery was sought in aid of an action at law, Equity Rule 58 was cited as applicable to the ancillary bill. In Pressed Steel Car Co. v. Union Pac. R. Co., 241 F. 964 (D. C. S. D. N. Y.), the assumption is implicit throughout the opinion that Rule 58 governs the practice. Upon the procedure as outlined in that opinion, Judge Knox based his instructions to the appellants, quoting from page 966 thereof the following:

"The plaintiff will plead those facts which entitle him to a discovery from the defendant, and will annex such interrogatories as he wishes the defendant to answer. If the defendant does not dispute the plaintiff's right to some discovery, but objects to some or all of the actual interrogatories annexed to the bill, he will make those objections under rule 58, and bring them on for hearing before the judge. He is not subject to the rule that, by answering one, he must answer all. If, on the other hand, he disputes the plaintiff's right to any discovery, he will plead in an answer such facts as he deems apposite, and obtain from the court, under rule 58, an enlargement of his time to answer the interrogatories until the plaintiff's right to discovery is established."

Such procedure has our approval; it is simple and will result in an economy of time and effort by court and counsel.

■ The defendants were allowed to file an amended answer on or before January 28, 1934. They failed to do so, and made no effort to obtain any extension of time. Upon the bill and so much of the answer as had not been stricken, the case came before Judge Patterson. The defenses interposd by the remnants of the answer, paragraphs 39 and 43, had already been ruled adversely to the defendants upon denial of their motion to dismiss the bill. Consequently Judge Patterson properly treated the bill as standing pro confesso. See Equity Rules 16, 29 (28 USCA § 723). Since no enlargement of the time to file objections to the interrogatories had been obtained and all objections to interrogatories had been stricken from the answer, he ruled that the defendants must answer all the interrogatories irrespective of the propriety of the discovery sought. In this we think he erred. It is well settled that, when a decree

pro confesso is rendered in the ordinary suit for equitable relief, the plaintiff will not as of course be accorded all the relief for which he has prayed but only such as is proper upon the face of the bill. Thomson v. Wooster, 114 U. S. 104, 113, 5 S. Ct. 788, 29 L. Ed. 105; Clifton v. Tomb, 21 F.(2d) 893, 897 (C. C. A. 4); Rose v. Woodruff, 4 Johns. Ch. 547 (N. Y.). This principle should be equally applicable to a pro confesso decree on a bill for discovery under the simplified procedure permitted by rule 58. As indicated in the preceding discussion of that procedure, objections to particular interrogatories will be postponed until the right to discovery has been established. Before expiration of the time to answer the bill, the defendants should have obtained an enlargement of their time to object to the interrogatories. Despite their failure to do this, Judge Patterson might, in his discretion, have allowed objections to interrogatories to be filed when the case came before him for entry of a decree. If, however, he thought the defendants' obstinate refusal to follow the procedure outlined by Judge Knox should preclude their making of objections so late, we think that he was bound to consider on his own initiative the propriety of the interrogatories. In the Pressed Steel Car Co. Case, 241 F. 964 (D. C. S. D. N. Y.), although the District Court had stricken out the entire answer, its decree excluded as improper several of the interrogatories annexed to the bill. Similarly, in the Sinclair Refining Co. Case (C. C. A.) 62 F.(2d) 663, affirmed 289 U. S. 689, 53 S. Ct. 736, 77 L. Ed. 1449, 88 A. L. R. 496, without answer or objections of record, the court considered the scope of the discovery to be awarded and denied much of that asked for. See, also, the Baush Case, 60 F.(2d) 586 (D. C. Conn.) affirmed 63 F.(2d) 778 (C. C. A. 2). Had consideration been given to the propriety of the discovery sought, it is extremely doubtful, for reasons about to be stated, whether answers to any of the interrogatories would have been ordered.

■ The pending action at law is predicated on alleged violations of section 72 (count 1) and section 8 (count 2) of title 15 of the Code (15 USCA §§ 8, 72). Each of these sections defines a crime, the maximum punishment for which may be a fine of $5,000 or imprisonment for one year or both. Since it is to prove causes of action arising from the violation of these sections that the plaintiff seeks discovery, it is apparent that the evidence called for may tend to incriminate the de-

fendants. A bill of discovery will not lie if the discovery will incriminate the defendant or subject him to a penalty or forfeiture. Boyd v. United States, 116 U. S. 616, 631, 6 S. Ct. 524, 29 L. Ed. 746; Webb v. Samuels, 227 F. 948 (D. C. S. D. N. Y.); Taylor v. Bruen, 2 Barb. Ch. (N. Y.) 301; Claridge v. Hoare, 14 Ves. Jr. 59; Story, Equity Pleading (10th Ed.) § 575. This objection was taken in the defendants' motion to dismiss. This was a proper way to raise it. Daisley v. Dun, 98 F. 497 (C. C. Mass.); Atterberry v. Knox and McKee, 8 Dana (38 Ky.) 282; Story, supra, § 575; Daniell, Chancery Pleading & Practice (6th Am. Ed.) 563. But Judge Woolsey apparently did not pass upon this ground of dismissal; whether this was because he thought it was disposed of by the Baush Case or because he left it to be considered in connection with objections to the interrogatories does not appear. Since Judge Woolsey apparently had not considered the matter of incrimination, we think Judge Patterson should have done so before decreeing discovery. The Baush Case clearly does not touch this question, for there the defendant was a corporation, and a corporation has no privilege against self-incrimination. Hale v. Henkel, 201 U. S. 43, 74, 26 S. Ct. 370, 50 L. Ed. 652; Wilson v. United States, 221 U. S. 361, 382, 31 S. Ct. 538, 55 L. Ed. 771, Ann. Cas. 1912D, 558. But these defendants are individuals, and clearly have such a privilege, unless prosecution is barred by the applicable statutes of limitation or the immunity section of the anti-trust laws (15 USCA § 32).

The bill seeks discovery of matters up to the date of the filing of the complaint in the action at law, January 8, 1931. The first cause of action is for selling imported goods at less than their market value abroad, which is a crime under 15 USCA § 72; and in addition the acts by which it is charged this was accomplished include defrauding the customs by the entry of goods at false invoice values. Criminal Code § 69 (18 USCA § 126). For the latter offense the statute of limitations is apparently five years. R. S. § 1046 (18 US CA § 584); United States v. Hirsch, 100 U. S. 33, 25 L. Ed. 539. This would prevent prosecution for acts done prior to January, 1930, and it could be argued that as to the earlier years the interrogatories should be answered. But the defendants are also liable to a charge of conspiring to defraud the United States (Criminal Code, § 37 [18 USCA § 88]). The evidence as to the earlier years would be a constituent part of the proof of such a conspiracy, and the defendants would continue criminally liable until the conspiracy was ended or they disassociated themselves from it. See Heike v. United States, 227 U. S. 131, 33 S. Ct. 226, 57 L. Ed. 450, Ann. Cas. 1914C, 128; Patterson v. United States, 222 F. 599 (C. C. A. 6); Ware v. United States, 154 F. 577, 12 L. R. A. (N. S.) 1053, 12 Ann. Cas. 233 (C. C. A. 8); United States v. Eccles, 181 F. 906 (C. C. Or.); United States v. Swift, 186 F. 1002 (D. C. N. D. Ill.). It would seem, therefore, that the interrogatories, answers to which might establish the existence of such a conspiracy between 1922 and 1931, are a step in the proof of a possible conspiracy for which the defendants might still be prosecuted. A similar argument may be made with respect to the second cause of action based on a violation of 15 USCA § 8.

Turning to the question of the effect of the immunity statute (15 USCA § 32), it appears that this is expressly limited to "any proceeding, suit, or prosecution under sections 1 to 27, inclusive, of this chapter." Section 72, upon which the first cause of action is based, is not included. Even as to the second cause of action, it is highly doubtful whether section 32 would accord immunity. The section was originally a proviso in a statute appropriating money to be expended under the direction of the Attorney General for the employment of special counsel to conduct prosecutions for violations of the anti-trust laws. 32 Stat. 904. Since the body of the statute is concerned with proceedings brought by the Department of Justice, it would seem a natural construction to limit similarly the proviso. Moreover, it would be an amazing thing to allow a private suitor to confer immunity upon a defendant or other witness by calling him in a private action. The only cases which have passed upon the point have denied that the statute does mean this. E. H. Rohde Leather Co. v. Duncan & Sons, 15 F. (2d) 103 (D. C. N. D. Wash.); United States v. Standard Sanitary Mfg. Co., 187 F. 232 (C. C. Pa.).

The foregoing discussion indicates the doubt we entertain whether any of the discovery sought can be had. We do not, however, finally decide these questions, for they have not been argued upon the appeal, although raised by assignments of error attacking the order refusing to dismiss the bill and the scope of the discovery awarded by the final decree. If after argument before the Dis-

trict Court it is decided that all the discovery sought is of an incriminatory character, that will dispose of the whole matter; if, however, some of the interrogatories can survive, then the District Court should determine whether they are otherwise objectionable. Since questions of the latter sort may never be reached and have never been considered upon the merits by the District Court, it seems best not to decide them upon this appeal.

The decree is reversed, and the suit remanded for further proceedings.